GEORGE REALTY CO. v. PARAGON REFINING CO. OF MICHIGAN.

1. APPEAL AND ERROR—CHANCERY APPEALS—STATUTES.
   There is no right to appeal in chancery suits unless created by statute.

2. SAME—CHANCERY APPEALS—STATUTES—PARTIES.
   Appeals to Supreme Court in chancery cases are governed by statute limiting right to appeal to any plaintiff or defendant (3 Comp. Laws 1929, § 15508).

3. SAME—RESIDENT AGENT OF CORPORATION NOW DISSOLVED.
   Appellant who alleged he had been the resident agent for a domestic corporation, dissolved some three years prior to service of summons on him as such agent and which summons he sought to have quashed because of such dissolution, held, not shown to be a party who may be aggrieved by order denying motion to dismiss, hence without right of appeal from such denial (3 Comp. Laws 1929, § 15508).

4. SAME—AGGRIEVED PARTY DEFINED.
   To be ''aggrieved,'' as that term is used in statute pertaining to chancery appeals, one must have some interest of a pecuniary nature in the outcome of the case and not a mere possibility arising from some unknown and future contingency (3 Comp. Laws 1929, § 15508).

Appeal from Wayne; Nicol (Henry G.), J. Submitted October 29, 1937. (Calendar No. 39,533.) Decided December 14, 1937.

Bill by George Realty Company, a Michigan corporation, against Paragon Refining Company of Michigan, an alleged Michigan corporation, Gulf Refining Company, a Delaware corporation, and Para-

gon Refining Company, an Ohio corporation, for an injunction and other relief. From denial of motion by Clifton G. Dyer, to quash return of service as to defendant Paragon Refining Company of Michigan, he appeals. Appeal dismissed.

*Jos. B. Beckenstein (John Sklar, of counsel), for plaintiff.*

*Angell, Turner, Dyer & Meek,* for Clifton G. Dyer.

Chandler, J. Paragon Refining Company of Michigan was a Michigan corporation having its principal place of business at Detroit, and Clifton G. Dyer, the appellant, was its designated resident agent. The company's business was wound up and the corporation dissolved in the summer of 1933, and on September 2, 1933, a certificate of dissolution was filed with the Wayne county clerk, upon which appears an indorsement that the original thereof had been filed with the secretary of state on August 31, 1933.

On August 13, 1936, this suit was instituted by the George Realty Company, as plaintiff, by bill of complaint against said Paragon Refining Company of Michigan, Gulf Refining Company and Paragon Refining Company, an Ohio corporation. Summons in the suit was served upon the resident agent, Mr. Dyer, on August 28, 1936.

On October 9, 1936, the resident agent, Clifton G. Dyer, filed a motion to dismiss as to the dissolved corporation, which appears as follows:

"Now comes Clifton G. Dyer, former resident agent in Michigan for Paragon Refining Company of Michigan, a Michigan corporation, named as one of the defendants in the above cause, and moves this

court to quash the return of service filed herein upon him as resident agent of said corporation and to dismiss this cause as to said corporation for the reason that this corporation was dissolved more than three years prior to this date.''

On January 20, 1937, an order was entered in the Wayne circuit court denying the above mentioned motion, a copy of said order appearing as follows:

''This cause having come on to be heard upon the motion of Clifton G. Dyer on behalf of Paragon Refining Company of Michigan, a Michigan corporation, defendant, asking that the return of service upon it filed herein be quashed and this cause dismissed as to it, and the court being fully advised in the premises, and the court having heard arguments of all parties interested,

''It is hereby ordered that the said motion is hereby denied without prejudice to the right of said defendant to renew said motion at the hearing of this cause on the merits, and if said defendant shall enter a general appearance herein such action shall be without prejudice to its right to renew said motion at such time.''

Later Mr. Dyer filed his claim of appeal, which reads,

''Clifton G. Dyer, the above named appellant, hereby claims an appeal from the order entered on January 20, 1937, by the Honorable Henry G. Nicol, circuit judge in the circuit court for Wayne county, Michigan.    The appellant takes an appeal in the nature of mandamus.''

Appellee contends that appellant, Clifton G. Dyer, is not a party to this suit, has no interest in the subject matter thereof, and, therefore, has no right to appeal, and that the appeal taken by him should be dismissed.

It is a well settled rule in this State that there is no right to appeal unless created by statute. This court, in *Guthrie* v. *Leelanau Circuit Judge*, 197 Mich. 321, 324, said:

"There is no right to appeal in chancery suits unless created by statute."

We deem it unnecessary to call attention to numerous other cases in which this rule of law has been invoked. Appeals to the Supreme Court in chancery cases are governed by 3 Comp. Laws 1929, § 15508, which reads in part:

"Any plaintiff or defendant, who may consider himself aggrieved by an order sustaining or overruling any motion to dismiss, based on jurisdictional grounds, or issues which under the former practice would have been raised by demurrer, plea to the jurisdiction or other dilatory plea, or by the decree or final order of the circuit court in chancery, in any cause, may appeal therefrom to the Supreme Court."

It does not appear to this court that the appellant, Clifton G. Dyer, is either a *plaintiff* or *defendant* in the instant case. Neither does it appear how he, either as an individual or as resident agent of defendant, Paragon Refining Company of Michigan, is aggrieved by the order made denying the motion to dismiss. This court, in the case of *Gorman* v. *Patrick Hirsch Co.*, 177 Mich. 382, 397, adopted the following proposition of law as applying to chancery appeals:

" 'An appeal can only be taken by parties who are affected by the decree appealed from; there must be some substantial rights of the parties to which the appeal would be prejudicial. An appeal will not be allowed in a mere fictitious case, and the court will not entertain mere speculations of parties or feigned issues; and so a merely

fictitious case to test the rights of parties who do any particular thing will not be entertained by the appellate courts.' Van Zile's Equity Pleading & Practice, § 360, p. 494."

In *Besancon* v. *Brownson,* 39 Mich. 388, this court held that the statute permitting appeals expressly confines such appeals to the parties aggrieved. In *Re Estate of Matt Miller,* 274 Mich. 190, Justice POTTER, speaking for the court, said:

"The question of who may be aggrieved was settled in *Labar* v. *Nichols,* 23 Mich. 310. To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency."

There is certainly nothing in this record to indicate that Mr. Dyer, the appellant, has any interest whatsoever of a pecuniary nature in the outcome of the instant case.

Appeal dismissed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.