*529
 
 Per Curiam.
 

 Respondent appeals as of right the Michigan Tax Tribunal’s judgment that petitioner was eligible to pay a $3 monthly tax for his mobile home in lieu of property taxes. We affirm.
 

 Petitioner and his wife own a mobile home that is situated on a condominium site in Roscommon County. The mobile home is classified as a “park model” variety, and the lot on which it sits, although owned by petitioner, is part of a licensed campground. Petitioner is required to pay taxes on the land, driveway, and wood screened porch. The issue before this Court is whether petitioner is also required to pay an ad valorem tax for his mobile home. While some mobile homes are taxable as real property, MCL 211.2a, there is a statutory exception for occupied trailer coaches occupying space within licensed trailer coach parks, MCL 125.1041.
 

 Respondent argues that the Tax Tribunal erred in finding that petitioner’s mobile home fell within the MCL 125.1041 exception because petitioner owned the underlying land. We disagree. Absent an allegation of fraud, our review of a Tax Tribunal’s decision is limited to determining whether the tribunal committed an error of law or applied the wrong legal principle.
 
 Michigan Milk Producers Ass’n v Dep’t of Treasury,
 
 242 Mich App 486, 490; 618 NW2d 917 (2000). While statutory interpretation is a question of law that is reviewed de novo, we generally defer to the Tax Tribunal’s interpretations of the statutes it administers and enforces.
 
 Id.
 
 at 491.
 

 The taxation of mobile homes is controlled by MCL 211.2a, which states in pertinent part:
 

 (1) For purposes of section 2, a mobile home which is not covered by [MCL 125.1041], and while located on land
 
 *530
 
 otherwise assessable as real property under this act, and whether or not permanently affixed to the soil, shall be considered real property and shall be assessed as part of the real property upon which the mobile home is located.
 

 As a preliminary matter, we note that MCL 211.2a applies solely to mobile homes not covered by MCL 125.1041, regardless of whether they are located on land otherwise assessable as real property. Therefore, both respondent’s and the Michigan Townships Association’s observation that petitioner’s condominium unit is assessable to him as real property pursuant to § 124 of the Condominium Act, MCL 559.224, has no bearing on whether petitioner’s mobile home is taxable as real property if it is covered by MCL 125.1041.
 

 According to MCL 125.1041:
 

 Each licensee shall collect and remit a specific tax of $3.00 per month, or major fraction thereof, per occupied trailer coach, which shall be a tax upon the owners or occupants of each occupied trailer coach . . . occupying space within the trailer coach park. The specific tax shall be in lieu of any property tax levied upon the trailer coach pursuant to the provisions of Act No. 206 of the Public Acts of 1893, as amended, being sections 211.1 to 211.157 of the Compiled Laws of 1948, upon or on account of the trailer while located in the trailer coach park.
 

 By its terms, this provision applies to occupied trailer coaches located within a trailer coach park. However, respondent argues that petitioner’s occupied trailer coach should not be considered to be within a trailer coach park because the underlying land—petitioner’s condominium site—is owned by petitioner rather than the park licensee. Respondent claims that the Legislature only intended to exempt mobile home owners who do not own the underlying
 
 *531
 
 land from paying property taxes. See
 
 Sandy Pines Wilderness Trails, Inc v Salem Twp,
 
 232 Mich App 1, 21-22; 591 NW2d 658 (1998), quoting House Legislative Analysis, HB 4173, October 18, 1978 (noting that it was the “ ‘obvious intention of the legislature’ ” to allow property taxation of permanent habitations on private property).
 

 The primary goal of statutory interpretation is to ascertain and give effect to the Legislature’s intent.
 
 Chandler v Dowell Schlumberger Inc,
 
 456 Mich 395, 398; 572 NW2d 210 (1998). However, when the language of the statute is clear and unambiguous, judicial construction is neither required nor permitted.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998). Indeed, the Legislature is presumed to have intended the meaning it plainly expressed.
 
 Nation v W D E Electric Co,
 
 454 Mich 489, 494; 563 NW2d 233 (1997). Courts may not speculate with regard to the probable intent of the Legislature beyond the language clearly expressed in the statute.
 
 Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd,
 
 240 Mich App 153, 173; 610 NW2d 613 (2000).
 

 In the instant case, we find that the provisions of MCL 125.1041 clearly and unambiguously exclude mobile homes located within a trailer coach park from property taxes. See
 
 Sandy Pines, supra
 
 at 19. There is no question that petitioner’s mobile home occupies “space within the trailer coach park.” The statutory language does not indicate that the eligibility to pay the $3 tax is contingent upon who owns the licensed land. If the Legislature had intended the ownership of the land to be important, we presume that the Legislature would have expressly limited the
 
 *532
 
 tax exemption in MCL 125.1041 to ensure that mobile homes would only be excluded from property taxes if the land was both within and owned by a trailer coach park. Because the location of petitioner’s mobile home comports with the language of MCL 125.1041, the tribunal correctly held that he was eligible to pay the monthly $3 tax in lieu of property taxes.
 
 [1]
 

 Affirmed.
 

 [1]
 

 We note that neither MCL 125.1041 nor MCL 211.2a makes a mobile home’s attachment to the soil an issue in determining its status as real property for purposes of taxation. Thus, review of the trial court’s factual findings on this issue is unnecessary.