AERC OF MICHIGAN, LLC v CITY OF GRAND RAPIDS

Docket No. 254244. Submitted June 7, 2005, at Grand Rapids. Decided
    June 14, 2005, at 9:05 a.m.
        AERC of Michigan, LLC, petitioned the Michigan Tax Tribunal for
        the nullification of a property tax assessment by the city of Grand
        Rapids. The petitioner had initiated an appeal of the assessment
        by seeking a review by the city assessor. However, the appeal form
        submitted by the petitioner did not specifically state the grounds
        for the protest. The city assessor informed the petitioner that its
        appeal would not be reviewed by the assessor or the city's board of
        review because the appeal form was incomplete. The Tax Tribunal
        determined that the city had improperly denied the petitioner the
        opportunity to protest the assessment before the board or review,
        but determined that the hearing before the tribunal rectified any
        due process deficiency. The tribunal further determined that
        because the petitioner did not dispute the valuations before the
        tribunal, the resolution of the due process question warranted
        dismissal of the petition. The petitioner appealed.

        The Court of Appeals *held*:

        MCL 211.107(1) provides that a city charter may establish
        procedures requiring protests to the board of review to be first
        addressed to the assessor as a prerequisite for a protest before the
        board of review if the assessor does not have the authority to deny
        the petitioner the right to protest before the board of review. The
        Grand Rapids City Charter requires that any person aggrieved by
        an assessment first address such complaints to the city assessor.
        The charter further requires that each complaint must specifically
        state the grounds thereof. Following review by the city assessor,
        the charter permits any person who has complained to the city
        assessor to appeal the assessor's decision to the board of review.
        The Grand Rapids City Charter does not contravene MCL
        211.107(1). The failure to obtain board review of the assessment
        was not the product of any unconstitutional or otherwise improper
        action by the city. The petitioner's appeal failed to specifically state
        the grounds for the complaint on the valuation of properties, thus
        failing as a matter of law to comply with the requirements of the
        city's charter for a proper protest to the assessor. Given that a

proper protest to the assessor was required for consideration by the board of review, the Tax Tribunal did not err in dismissing the petition.

Affirmed.

TAXATION — CITIES — REAL PROPERTY — TAX APPEALS — PROCEDURE.

A city charter may prescribe the appropriate procedure for a real property tax appeal within the city, including requiring review by the assessor before a review by the board of review, provided that the procedure is not overly burdensome to the taxpayer's right to appear before the board of review and provided that the assessor does not have the authority to deny the petitioner the right to protest before the board of review (MCL 211.107[1]).

*Honigman Miller Schwartz and Cohn* (by *Ruth E. Zimmerman* and *Mark A. Burstein*) for AERC of Michigan, LLC.

*Bernard Schaefer*, Assistant City Attorney, for the city of Grand Rapids.

Before: HOEKSTRA, P.J., and JANSEN and KELLY, JJ.

PER CURIAM. Petitioner AERC of Michigan, LLC, appeals as of right an order of the Michigan Tax Tribunal dismissing its petition. We affirm.

In January 2001, counsel for petitioner contacted the assessor's office of respondent city of Grand Rapids to inquire regarding the requirements for initiating an appeal of real property tax assessments before respondent's board of review. Counsel was informed by the assessor that, pursuant to respondent's charter, each assessment to be appealed to the board must be first submitted for an "assessor's review," which requires completion of an appeal form and, for commercial properties, an income information sheet. The assessor provided petitioner with the necessary forms and, in doing so, warned that failure to complete the income

information sheet for a commercial property would result in an automatic denial of review by the assessor.

Counsel for petitioner thereafter mailed to the assessor a letter setting forth six generalized reasons as a basis for protest of the assessments and taxable values for an attached list of seventy-five parcels, including the commercial property at issue here. In response, the assessor contacted and informed counsel for petitioner that, to be accepted for review by the assessor, a completed appeal form must be submitted for each of the seventy-five properties. Counsel for petitioner thereafter mailed appeal forms for each of the listed properties. However, with respect to the property at issue here, the appeal form set forth only the address, parcel number, and assessed and taxable value of the parcel. The remainder of the information required by the multipage form was either not provided or simply referenced a purportedly pending "MTT case."[1]

After receiving the appeal form, the assessor contacted and again advised counsel for petitioner of the requirements for submitting an appeal for an assessor's review. The assessor further informed counsel that incomplete appeal forms and petitions not listing specific complaints relative to the parcel under appeal would be rejected and would result in the "probable loss of appeal rights." Counsel for petitioner did not respond to the assessor, but instead submitted the same letter of protest and list of properties to the board of review. Counsel was subsequently informed by the assessor that because the documentation provided by counsel was insufficient to meet the requirements of respondent's charter, the assessment and taxable value pro-

---

[1] According to respondent, the remainder of the appeal forms submitted by counsel for petitioner were similarly deficient. These forms, however, have not been made part of the record on appeal.

tests would not be accepted for an assessor's review and, therefore, could not be submitted for review by the board. Counsel for petitioner nonetheless appeared before the board of review, which declined to hear any appeal relative to petitioner's property.

Alleging a denial of due process stemming from the assessor's "unilateral" removal of petitioner's protest from consideration by the board, petitioner sought nullification of the assessment of its property by the Michigan Tax Tribunal.[2] In support of this remedy petitioner cited MCL 211.107(1), which authorizes the establishment of procedures for an assessor's review as a prerequisite to review of an assessment protest by a board of review provided that the assessor "does not have the authority to deny the petitioner the right to protest before the board of review." See also *Fink v Detroit*, 124 Mich App 44, 54; 333 NW2d 376 (1983) (finding such procedures, as long as not unreasonably burdensome to the taxpayer's right to appear before the board of review, to be lawful despite the possibility that an opportunity for board review may be lost).[3] Petitioner also relied on early precedent of the Michigan Supreme Court holding that when taxpayers are unlaw-

---

[2] Although the parties dispute whether review by the board was denied solely on the basis of the assessor's "unilateral" determination that the protests filed by counsel for petitioner were deficient, or by the board's own decision concerning the deficiency of information provided by counsel for petitioner, it is not disputed that the board of review declined to hear the appeal.

[3] Although petitioner attempts to distinguish *Fink* on the ground that it was decided before MCL 211.107 was amended to include the prohibition against a grant of authority to an assessor to deny a petitioner "the right to protest before the board of review," we find petitioner's efforts in this regard unpersuasive. As explained below, nothing in respondent's charter grants the assessor such authority. Rather, the charter merely sets forth the procedures to be followed as a "prerequisite" to such review. Here, as explained below, it cannot be reasonably disputed that petitioner woefully failed to comply with such procedures.

fully denied the right to appear before the board of review to protest their property tax assessment, the imposition and collection of the resulting tax is unlawful. See, e.g., *Caledonia Twp v Rose*, 94 Mich 216; 53 NW 927 (1892). Although determining that respondent had "improperly" denied petitioner the opportunity to protest the assessment before the board, the tribunal concluded that, unlike the cases on which petitioner relied, which had been decided before the creation of the tribunal, the opportunity for review of the assessment by the tribunal was sufficient to satisfy due process and that, therefore, nullification of the assessment was not required. The tribunal further concluded that because petitioner did not dispute valuation before the tribunal, resolution of the question of due process warranted dismissal of the petition.

On appeal, petitioner reasserts its claim that the assessor's purportedly unilateral decision to remove its assessment protest from consideration by the board contravened the prohibition against assessor authority to deny the right to protest before the board of review found in MCL 211.107(1). Petitioner also argues that the tribunal erred in concluding that this improper denial of the opportunity to protest the assessment before the board did not require nullification of the assessment. Specifically, petitioner asserts that under the Supreme Court authority cited, such a deprivation of due process requires nullification regardless of any opportunity for review by the tribunal. However, because we conclude that the failure to obtain board review of the assessment was not the product of any unconstitutional or otherwise improper action by respondent, but was petitioner's deliberate choice to thwart valid appeal requirements, we do not reach the due process question and affirm the tribunal's decision to dismiss the petition, although for different reasons.

See, e.g., *Holland Home v Grand Rapids*, 219 Mich App 384, 400; 557 NW2d 118 (1996).

Absent an allegation of fraud, this Court's review of a tax tribunal decision is limited to determining whether the tribunal committed an error of law or applied the wrong legal principles. Const 1963, art 6, § 28; *Schultz v Denton Twp*, 252 Mich App 528, 529; 652 NW2d 692 (2002). Resolution of this matter, however, requires the interpretation of statutes, which is a question of law that we review de novo. See *Florida Leasco, LLC v Dep't of Treasury*, 250 Mich App 506, 507; 655 NW2d 302 (2002).

Sections 29 and 30 of the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, specify when a local board of review must meet and what business it must conduct at those times. Pursuant to MCL 211.30(3), "[p]ersons or their agents who have appeared to file a protest before the board of review at a scheduled meeting or at a scheduled appointment shall be afforded an opportunity to be heard by the board of review." However, it is well-settled that the provisions of the GPTA are applicable to cities only insofar as the act does not conflict with a charter provision or ordinance enacted by the municipality. See *Booker v Detroit*, 469 Mich 892, 892-893; 668 NW2d 623 (2003), citing MCL 211.107(1). Consistently with this principle, MCL 211.107(1) provides in part:

> Notwithstanding any provision of this act to the contrary, a charter of a city or township may authorize the establishment of procedures requiring protests to the board of review to be first addressed to the assessor or other agency of the city or township as a prerequisite for a protest before the board of review if the assessor or other agency to whom a protest is first addressed does not have the authority to deny the petitioner the right to protest before the board of review.

With respect to such procedures for protest of a tax assessment conducted by respondent, respondent's charter requires that any person aggrieved by an assessment first address such complaints in writing to the city assessor. Grand Rapids Charter, Title IX, § 156. The charter further requires that each complaint to the assessor "state specifically the grounds thereof . . . ." *Id.* Following review of the assessment by the assessor, the charter permits "[a]ny person who has complained thereof in writing to the Assessor *as hereinbefore provided for* [sic] and considering himself aggrieved by the assessment of his property and the decision of the Assessor thereon, [to] appeal therefrom to the Board of Review." *Id.* at § 157 (emphasis added).

Regarding the protest at issue here, petitioner's appeal form did little more than identify its property and convey a general opposition to respondent's assessment of that property. The answers to substantive questions required by the form and necessary to meaningful resolution of the merits of petitioner's protest, if any, were either not provided by petitioner or made cryptic reference to either the letter attached to the appeal form or an unidentified case before the tribunal. These general references provided the assessor no useful guidance concerning the basis for petitioner's attempt at protest. Indeed, although the attached letter purported to state reasons for the protest, it did not indicate which reasons applied to which of the dozens of properties found on the attached list. To the contrary, the letter broadly alleged boilerplate claims of discrimination, equal protection violations, tax exemption, and that "the assessment and taxable value exceed other limitations imposed by law." These allegations and the manner in which they were presented were simply insufficient to meet the charter requirement that all complaints before the assessor "state specifically the

grounds thereof . . . ." *Id.* at § 156. Accordingly, given the wholly deficient nature of the pleadings submitted by petitioner, we conclude that petitioner failed, as a matter of law, to comply with the requirements of respondent's charter for a proper protest to the assessor. We further conclude that, because such protest was a valid prerequisite to review by the board, petitioner was not entitled to review before the board and that, therefore, the failure to obtain board review was not the product of any unconstitutional or otherwise improper action by respondent. *Fink, supra.*

In reaching this conclusion, we reject petitioner's assertion that the charter provisions at issue here contravene the prohibition against assessor authority to deny the right to protest before the board of review found in MCL 211.107(1). Although respondent's charter necessarily confers upon the assessor discretion to determine the sufficiency of the documentation required to initiate an assessor's review under the terms of the charter, such discretion does not equate to a grant of authority to deny a petitioner the right to protest an assessment before the board. Moreover, to the extent that such discretion could be exercised in a manner consistent with the authority prohibited by MCL 211.107(1), we do not conclude that such authority is exercised where, as here, a petitioner fails to rectify its documentation despite having been warned of the inadequacy of its attempt at protest and the potential for the loss of its appeal rights. Under such circumstances, the failure to obtain board review stems from petitioner's knowing decision not to avail itself of the procedure for review and not from any improper exercise of discretion or authority by the taxing authority.

We similarly reject petitioner's unpreserved assertion that its mere appearance at the board of review

meeting was sufficient to require review of its assessment concerns by the board. As noted above, to the extent that MCL 211.30 conflicts with the requirement of respondent's charter that all assessment protests be first addressed to the assessor, the statute must yield to the charter. *Booker, supra.* Accordingly, petitioner was not entitled to merely "appear[] before the board to file a protest . . . ." MCL 211.30; *Fink, supra.* To the contrary, petitioner was required to first meet the prerequisite of review by the assessor, the attempt at which we have already found to be knowingly deficient.

Affirmed.