*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA BUTLER,

        Petitioner-Appellant,

v

CITY OF DETROIT,

        Respondent-Appellee.

FOR PUBLICATION
February 9, 2023
9:20 a.m.

No. 360434
Tax Tribunal
LC No. 21-003004-TT

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this action contesting the assessment of real property, petitioner appeals as of right the Michigan Tax Tribunal's order dismissing petitioner's case on the basis of the Tribunal's lack of jurisdiction to hear the case. We reverse and remand for the Tribunal to hold de novo proceedings regarding petitioner's appeal.

## I. BACKGROUND

This case arises out of petitioner's attempts to challenge respondent's 2021 assessment of petitioner's real property located in Detroit, Michigan. Petitioner and her husband, Gravalie Butler, purchased the subject property as tenants-by-the-entirety in 1976. Gravalie died in December 2020, leaving petitioner as the sole owner of the subject property. In 2021, petitioner received a notice of assessment, which was addressed solely to Gravalie, and contained an assessed value of $17,400 for the subject property. This comported with a true cash value of $34,800, and a taxable value of $12,098. Petitioner believed her property had been overassessed and that its actual true cash value was $24,208.

The notice of assessment informed petitioner she had until February 22, 2021, to file an appeal with the Board of Assessors. On February 18, 2021, petitioner signed a letter of authorization for the University of Michigan Property Tax Appeal Project to be petitioner's "sole and designated representative on my behalf regarding the assessment appeal of" the subject property. Petitioner's representative submitted petitioner's appeal on February 22, 2021. Petitioner's representative also submitted appeals on behalf of about 100 other clients. The Board of Assessors acknowledged timely receipt of the appeal, but informed petitioner's representative

-1-

it needed a signed letter of authorization *from the taxpayer of record*. Considering the notice of assessment was addressed to Gravalie, the Board of Assessors was not willing to accept the signed letter of authorization from petitioner. When petitioner's representative did not provide the requested letter, the Board of Assessors refused to consider petitioner's appeal.

Petitioner, believing the Board of Assessors erred, filed a timely written appeal to the March Board of Review. However, because the Board of Assessors did not issue a decision regarding petitioner's appeal, the March Board of Review determined it could not consider petitioner's claims. The March Board of Review refused to schedule petitioner's appeal for a hearing, and even when petitioner's representative attended the March Board of Review and tried to raise the issues orally, the March Board of Review refused to hear them. Petitioner then filed an appeal with the Tribunal, attaching a letter explaining the lack of a decision from the March Board of Review. Respondent answered the petition, noting there was a jurisdictional error resulting from petitioner's failure to properly appeal the assessment with the Board of Assessors and March Board of Review. Later, without first providing petitioner an opportunity to present evidence or argument, the Tribunal dismissed petitioner's case sua sponte for lack of jurisdiction. Petitioner moved for reconsideration, raising arguments she would have made if the Tribunal sought briefing before dismissal. The Tribunal denied the motion, and this appeal followed.

## II. DISCUSSION

Petitioner argues that the Tribunal should have considered her appeal because she timely and properly followed appellate procedures, thereby invoking the jurisdiction of the Tribunal.[1] We agree.[2]

"The Michigan Tax Tribunal was created by the Tax Tribunal Act," MCL 205.701 *et seq*., and the "Tribunal is charged with original jurisdiction over tax proceedings, including appeals of

---

[1] Many of petitioner's arguments were not made until she filed her motion for reconsideration. While arguments raised for the first time in a motion for reconsideration typically are not considered preserved for our review, *D'Agostini Land Co LLC v Dep't of Treasury*, 322 Mich App 545, 561; 912 NW2d 593 (2018), we will overlook the preservation requirement in this case because of the Tribunal's sua sponte dismissal, which denied petitioner an opportunity to present her arguments in a typically timely manner. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (holding appellate courts have the "inherent power to review an issue not raised" in the lower court or tribunal "to prevent a miscarriage of justice . . .").

[2] "Unless there is fraud, this Court's review of Tribunal decisions is limited to determining whether the Tribunal erred in applying the law or adopted a wrong legal principle." *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 585; 977 NW2d 128 (2021) (quotation marks, citation, and alterations omitted). "This Court reviews de novo matters of statutory construction, including the interpretation of ordinances." *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003). "Whether a tribunal had subject-matter jurisdiction may be raised at any time, even for the first time on appeal." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 45; 964 NW2d 378 (2020). The issue of subject-matter jurisdiction is a question of law this Court reviews de novo. *Id*.

cases arising from March boards of review." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 541; 817 NW2d 548 (2012). Under MCL 205.735a(6): "The jurisdiction of the tribunal in an assessment dispute as to property classified . . . [as] residential real property . . . is invoked by a party in interest, as petitioner, filing a written petition on or before July 31 of the tax year involved." However, "for an assessment dispute as to the valuation [] of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under [MCL 205.735a(6)]." MCL 205.735a(3).

While the Tax Tribunal Act requires a protest before the March Board of Review to invoke the Tribunal's jurisdiction, *id*., Detroit Ordinances establish the procedure for bringing an appeal before the March Board of Review. Under Detroit Ordinances, § 44-4-3, respondent codified the method by which appeals may be brought before the Board of Assessors. Relevant to this appeal, § 44-4-3 provides:

> (a) Any person considering themselves aggrieved by reason of any assessment may make complaint on or before February 15th, either orally or in writing, in person or by an agent authorized by such person in writing, specifying the grounds of such complaint before the Board of Assessors, and on sufficient cause being shown by the affidavit of such complainant, by oral proof, or by other evidence requested from such person to the satisfaction of such Board, it shall review the assessment complained of and may alter or correct the same to the person charged thereby, the property described therein, and the estimated value thereof. [Detroit Ordinances, § 44-4-3(a).]

The parties agree that respondent extended the deadline for appeals to the Board of Assessors in 2021, from February 15, 2021, to February 22, 2021.

If a person does not win their appeal to the Board of Assessors, they can appeal to the March Board of Review:

> Any person who has previously complained to the Board of Assessors as provided for in Section 44-4-3 of this Code, considering themselves aggrieved by the assessment of such person's property and the decision of the Board of Assessors with respect to the grounds specified by the complainant thereon, may appeal to the Board of Review in person or by such person's legal representative. Such appeal shall be in writing and shall state, specifically, the grounds previously presented to the Board of Assessors and the matter complained of together with the address of the complainant. No other matter in connection therewith shall be considered by the Board of Review. [Detroit Ordinances, § 44-4-6(b).]

The deadline to file the appeal with the March Board of Review is "on or before the second Monday in March and may not be filed thereafter." Detroit Ordinances, § 44-4-6(c).

When a person attempts to appeal to the Board of Assessors, but the pleadings are "wholly deficient [in] nature," this Court has held that the "petitioner failed, as a matter of law, to comply with the requirements of [the] respondent's charter for a proper protest to the assessor." *AERC of Mich, LLC v Grand Rapids*, 266 Mich App 717, 724; 702 NW2d 692 (2005). We also held that

-3-

"because such protest was a valid prerequisite to review by the" equivalent of the March Board of Review, "[the] petitioner was not entitled to review before th[at] board . . . ." *Id.* Consequently, when a petitioner fails to properly have their claim reviewed by the March Board of Review, the Tribunal is entitled to dismiss the subsequent appeal because of the failure to properly invoke the Tribunal's jurisdiction under MCL 205.735a(3). *Id.* at 721.

The focus of the present case is whether petitioner adequately invoked the jurisdiction of the Tribunal.[3] Specifically, the question is whether petitioner timely and properly filed an appeal with the Board of Assessors, which was a prerequisite to protesting the assessment with the March Board of Review, which is itself a prerequisite to invoking the jurisdiction of the Tribunal.

As discussed above, petitioner had until February 22, 2021, to file the appeal of the assessment of her property with the Board of Assessors. Petitioner authorized her representative to file the appeal on petitioner's behalf by signing a letter of authorization on February 18, 2021. Petitioner's representative filed the appeal in a timely manner on February 22, 2021, along with more than 100 others. The Board of Assessors acknowledged timely receipt of the appeals, but identified what it believed to be errors with some of the appeals. With respect to petitioner's appeal, the Board of Assessors informed petitioner's representative that the Board of Assessors required a written letter of authorization from the taxpayer of record. Although the communication from the Board of Assessors did not provide specific information, the record establishes respondent had Gravalie listed as the "taxpayer of record" for petitioner's home.

Accordingly, the only problem with petitioner's appeal identified by the Board of Assessors, the March Board of Review, and the Tribunal was her failure to fulfill the Board of Assessors' requirement of a letter of authorization signed by the taxpayer of record. Petitioner argues that the Board of Assessors' rule that a letter of authorization must be signed by the taxpayer of record is unsupported by law. We agree.

Respondent has never disputed the fact that petitioner owns the subject property. And petitioner's warranty deed shows that she and Gravalie purchased the home as tenants-by-the-entirety. As explained by the Supreme Court, "[a] tenancy by the entirety is a type of concurrent ownership in real property that is unique to married persons." *Tkachik v Mandeville*, 487 Mich 38, 46; 790 NW2d 260 (2010). "[A] defining incident of this tenancy under Michigan law is that one tenant by the entirety has no interest separable from that of the other and has nothing to convey or mortgage or to which he alone can attach a lien." *Id.* (quotation marks and citation omitted). "In addition to these rights, both spouses have a right of survivorship, meaning that, in the event that one spouse dies, the remaining spouse automatically owns the entire property." *Id.* at 46-47.

---

[3] The parties engage in much debate about the law related to subject-matter jurisdiction. The dispute is irrelevant to the present case because, while the Tribunal undoubtedly has subject-matter jurisdiction to consider cases involving property assessment disputes, the current case is not about subject-matter jurisdiction in general, but about whether the Tribunal's subject-matter jurisdiction was properly invoked. There is no legitimate dispute the Tribunal has the "abstract power to try a case" involving property assessment disputes. *New Covert Generating Co*, 334 Mich App at 48. Rather, this case concerns whether petitioner complied with "the prerequisites to the assertion of jurisdiction" by the Tribunal. *Id.* at 49.

-4-

Therefore, petitioner owned the real property at issue both before and after Gravalie's death. At the time she appealed the assessment, she was the sole owner of the property by operation of law.

The question to consider, then, is whether the Board of Assessors acted appropriately when it determined that petitioner's appeal was insufficient because her representative did not provide a letter of authorization from Gravalie, the taxpayer of record. A brief reading of the ordinance regarding appeals to the Board of Assessors reveals that the Board's decision in this case was legally improper. Under Detroit Ordinances, § 44-4-3(a), an appeal can be filed by "[a]ny person considering themselves aggrieved by reason of any assessment . . . ." The "person considering themselves aggrieved" can "make complaint . . . in person or by an agent authorized by such person in writing . . . ." *Id.* The ordinance at issue makes no reference to the "taxpayer of record." Instead, it requires an aggrieved person to file an appeal by themselves or by a representative, so long as the agent is authorized in writing.

Respondent, for its part, makes no effort to explain the Board of Assessors' rule requiring a letter of authorization from the taxpayer of record. Instead, respondent insists that the Board of Assessors acted properly when it questioned petitioner's interest in the property, explaining that petitioner could have easily cleared the issue up by providing the warranty deed. This is a red herring. The question to consider is whether petitioner timely and appropriately filed her appeal with the Board of Assessors, *AERC of Mich*, 266 Mich App at 721, 724, and she did.

Petitioner argues that she should be considered a "person considering themselves aggrieved by reason of any assessment" in this case. Detroit Ordinances, § 44-4-3(a). The Detroit Ordinances do not define the meaning of an "aggrieved person." Petitioner undertakes to craft a definition of the term by referencing various other statutory schemes and standing rules that do not use the word "aggrieved."[4] However, the Supreme Court recently clarified that "the term 'aggrieved' has become a legal term of art." *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 160358 and 160359); slip op at 17. " 'To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.' " *Id*. at ___; slip op at 24, quoting *George Realty Co v Paragon Refining Co of Mich*, 282 Mich 297, 301; 276 NW 455 (1937).

While that general definition of "aggrieved" was not specifically applied to cases involving appeals of property assessments, we are convinced it is a satisfactory definition in regards to this case. We see no reason to formulate a specific rule regarding standing under the Detroit Ordinances in the present case because, factually, under any possible definition of the term, petitioner undoubtedly would meet it. Petitioner owned the home and was required to pay property taxes on it. If the real property was overassessed, as she believed, her property taxes would go up. If she is unable to pay the taxes, she would face tax foreclosure. In short, petitioner had " 'some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from

---

[4] Specifically, petitioner urges this Court to consider adopting the "party in interest" rule from MCL 205.735a(6) ("The jurisdiction of the tribunal . . . is invoked by a party in interest . . . ."); or the "person whose property is assessed" standard from the GPTA, MCL 211.30(4) ("At the request of a person whose property is assessed on the assessment roll . . . .").

some unknown and future contingency.' " *Saugatuck Dunes Coastal Alliance*, ___ Mich at ___; slip op at 24, quoting *George Realty Co*, 282 Mich at 301.  Petitioner was plainly aggrieved by a purported overassessment of her real property's value.  Consequently, as an aggrieved person, petitioner was permitted to appeal to the Board of Assessors on her own, or by an authorized representative so long as the authorization was in writing.  Detroit Ordinances, § 44-4-3(a).  Petitioner signed just such an authorization on February 18, 2021, which was four days before her timely appeal to the Board of Assessors was filed by her representative.

Given petitioner's timely and proper appeal to the Board of Assessors under Detroit Ordinances, § 44-4-3(a), the Board had a legal duty to "review the assessment complained of," and, if convinced by petitioner's evidence, could "alter or correct the same to the person charged thereby, the property described therein, and the estimated value thereof," *id*.  Upon reaching a decision, the ordinance mandates that "[t]he Board of Assessors shall notify all persons complaining of the action of the Board of Assessors with reference to the assessment complained of."  Detroit Ordinances, § 44-4-3(b).  It is undisputed in this case the Board of Assessors did not complete these actions.

As a result of the Board of Assessors' improper refusal to consider petitioner's proper appeal, the March Board of Review similarly refused to consider petitioner's timely and appropriate appeal under Detroit Ordinances, § 44-4-6(b).  This was error considering that the Board of Review's decision rested solely on the Board of Assessors' failure to consider petitioner's appeal.  There has never been an allegation from respondent that petitioner's appeal to the March Board of Review was untimely or insufficient under Detroit Ordinances, § 44-4-6(c).  Because petitioner timely and properly appealed to the March Board of Review, it was required to "give notice to any person who has filed an appeal, as provided for in [§ 44-4-6(b)], of the time and place of the meeting for the hearing thereof, which notice shall be made in writing . . . ."  Detroit Ordinances, § 44-4-6(c).  The March Board of Review did not do so and violated the ordinance.  In addition to being required to provide petitioner with notice of the hearing regarding her appeal, the March Board of Review also was required to actually consider and decide the appeal.  See Detroit Ordinances, § 44-4-7(a) ("The Board of Review shall hear and determine all appeals in a summary manner and correct any errors which the Body may discover in the assessment rolls . . . .").  Once again, it is undisputed the March Board of Review did not consider or decide petitioner's appeal from the Board of Assessors, which violated the relevant ordinance.

With respect to the Tribunal, "for an assessment dispute as to the valuation [] of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under [MCL 205.735a(6)]."  MCL 205.735a(3).  As this Court explained, a party can fail to invoke the Tribunal's jurisdiction under MCL 205.735a(3) by bringing a "wholly deficient" protest to the Board of Assessors, when such is a necessary prerequisite to bringing a claim before the March Board of Review.  *AERC of Mich*, 266 Mich App at 721, 724.  In this case, however, petitioner's protest before the Board of Assessors was not "wholly deficient;" indeed, it was not deficient in any sense cited by respondent.  Thus, by filing a timely and proper appeal with the Board of Assessors, and doing the same with the March Board of Review, petitioner adequately invoked the jurisdiction of the Tribunal under MCL 205.735a(3).  The Tribunal's conclusion otherwise was an error of law.

We reverse and remand with instructions for the Tribunal to conduct a de novo review of petitioner's appeal.[5]  We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro

---

[5] Petitioner makes numerous other arguments, including that she was denied her right to due process and that the letter-of-authorization requirement is contrary to state law.  These claims have been rendered moot by our decision to reverse the Tribunal and remand for a de novo hearing, and therefore we decline to consider them. *Empire Iron Mining Partnership*, 337 Mich App at 592 n 2 ("[T]his Court[] will generally not decide moot issues."); *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000) ("An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief.").