*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LA'AQUA ELAM,

        Petitioner-Appellant,

v

CITY OF DETROIT,

        Respondent-Appellee.

UNPUBLISHED
February 16, 2023

No. 360435
Tax Tribunal
LC No. 21-003003-TT

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this action contesting the assessment of real property, petitioner appeals as of right the order of the Michigan Tax Tribunal dismissing petitioner's case for a lack of jurisdiction. We affirm.

## I. BACKGROUND

Petitioner owned a home in respondent city. For tax year 2021, petitioner believed her home had been overassessed by respondent. The University of Michigan Property Tax Appeal Project (UMPTAP) submitted an appeal challenging the assessment, via e-mail purportedly on behalf of petitioner, to the Office of the Assessor on the final day such appeals were accepted, February 22, 2021. UMPTAP acknowledged it did not have a letter of authorization from petitioner, but promised to provide one as soon as possible. The Board of Assessors informed UMPTAP that it needed the letter of authorization by the end of the business day on February 24, 2021, otherwise the appeal would not be considered by the Board of Assessors. Neither UMPTAP nor petitioner provided the letter of authorization by that deadline and the letter was not signed by petitioner until March 2, 2021. It is undisputed that the Board of Assessors did not consider petitioner's challenge to the assessment of her real property.

Even so, petitioner, via UMPTAP, filed a written appeal of the assessment with the March Board of Review. That Board refused to schedule the appeal for a hearing because an appeal before the Board of Assessors was a prerequisite. UMPTAP attended a session of the March Board of Review anyhow, and urged the Board to consider the appeal. The March Board of Review refused. Petitioner then appealed to the Tribunal. In her petition, she acknowledged the lack of a

decision by the March Board of Review, but contended the Tribunal still had jurisdiction to consider her case because she had protested to the March Board of Review. In respondent's answer, it argued that petitioner's case should be dismissed for the jurisdictional error of failing to properly appeal to the March Board of Review. The Tribunal agreed and dismissed petitioner's case.

Petitioner moved for reconsideration, raising several arguments why she believed the Tribunal should determine it had jurisdiction to consider the case. The Tribunal considered the arguments and evidence, but held that petitioner's failure to file a timely letter of authorization with the Board of Assessors was determinative in this case. Thus, the Tribunal denied the motion for reconsideration. This appeal followed.

## II. DISCUSSION

Petitioner argues that she is entitled to reversal because of legal, procedural, and constitutional errors committed by the Board of Assessors, March Board of Review, and the Tribunal.[1] We disagree and conclude that the Tribunal properly determined it did not have jurisdiction to consider petitioner's case.[2]

## A. LEGAL AND PROCEDURAL CHALLENGES

"The Michigan Tax Tribunal was created by the Tax Tribunal Act," MCL 205.701 *et seq.*, and the "Tribunal is charged with original jurisdiction over tax proceedings, including appeals of cases arising from March boards of review." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 541; 817 NW2d 548 (2012). Under MCL 205.735a(6): "The jurisdiction of the tribunal in an assessment dispute as to property classified . . . [as] residential real property . . . is invoked by a party in interest, as petitioner, filing a written petition on or before July 31 of the tax year

---

[1] Many of petitioner's arguments were not made until she filed her motion for reconsideration. While arguments raised for the first time in a motion for reconsideration typically are not considered preserved for our review, *D'Agostini Land Co LLC v Dep't of Treasury*, 322 Mich App 545, 561; 912 NW2d 593 (2018), we will overlook the preservation requirement in this case because of the Tribunal's sua sponte dismissal, which denied petitioner an opportunity to present her arguments in a typically timely manner. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (holding appellate courts have the "inherent power to review an issue not raised" in the lower court or tribunal "to prevent a miscarriage of justice . . .").

[2] "Unless there is fraud, this Court's review of Tribunal decisions is limited to determining whether the Tribunal erred in applying the law or adopted a wrong legal principle." *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 585; 977 NW2d 128 (2021) (quotation marks, citation, and alterations omitted). "This Court reviews de novo matters of statutory construction, including the interpretation of ordinances." *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003). "Whether a tribunal had subject-matter jurisdiction may be raised at any time, even for the first time on appeal." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 45; 964 NW2d 378 (2020). The issue of subject-matter jurisdiction is a question of law this Court reviews de novo. *Id.*

involved." However, "for an assessment dispute as to the valuation [] of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under [MCL 205.735a(6)]." MCL 205.735a(3).

While the Tax Tribunal Act requires a protest before the March Board of Review to invoke the Tribunal's jurisdiction, *id*., the Detroit Ordinances establish the procedure for bringing an appeal before the March Board of Review. Under Detroit Ordinances, § 44-4-3, respondent codified the method by which appeals may be brought before the Board of Assessors. Relevant to this appeal, § 44-4-3 provides:

> (a) Any person considering themselves aggrieved by reason of any assessment may make complaint on or before February 15th, either orally or in writing, in person or by an agent authorized by such person in writing, specifying the grounds of such complaint before the Board of Assessors, and on sufficient cause being shown by the affidavit of such complainant, by oral proof, or by other evidence requested from such person to the satisfaction of such Board, it shall review the assessment complained of and may alter or correct the same to the person charged thereby, the property described therein, and the estimated value thereof.

The parties agree in this case that respondent extended the deadline for appeals to the Board of Assessors in 2021, from February 15, 2021, to February 22, 2021.

If a person does not win their appeal to the Board of Assessors, they can appeal to the March Board of Review:

> Any person who has previously complained to the Board of Assessors as provided for in Section 44-4-3 of this Code, considering themselves aggrieved by the assessment of such person's property and the decision of the Board of Assessors with respect to the grounds specified by the complainant thereon, may appeal to the Board of Review in person or by such person's legal representative. Such appeal shall be in writing and shall state, specifically, the grounds previously presented to the Board of Assessors and the matter complained of together with the address of the complainant. No other matter in connection therewith shall be considered by the Board of Review. [Detroit Ordinances, § 44-4-6(b).]

The deadline to file the appeal with the March Board of Review is "on or before the second Monday in March and may not be filed thereafter." Detroit Ordinances, § 44-4-6(c).

When a person attempts to appeal to the Board of Assessors, but the pleadings are "wholly deficient [in] nature," this Court has held that the "petitioner failed, as a matter of law, to comply with the requirements of [the] respondent's charter for a proper protest to the assessor." *AERC of Mich, LLC v Grand Rapids*, 266 Mich App 717, 724; 702 NW2d 692 (2005). We also held that "because such protest was a valid prerequisite to review by the" equivalent of the March Board of Review, "[the] petitioner was not entitled to review before th[at] board . . . ." *Id*. Consequently, when a petitioner fails to properly have their claim reviewed by the March Board of Review, the

Tribunal is entitled to dismiss the subsequent appeal because of the failure to properly invoke the Tribunal's jurisdiction under MCL 205.735a(3). *Id*. at 721.

The focus of the present case is whether petitioner adequately invoked the jurisdiction of the Tribunal.[3] The Board of Assessors gave UMPTAP until the end of the business day on February 24, 2021, to provide the required letter of authorization for petitioner's appeal. UMPTAP and petitioner undisputedly did not do so. The Board of Assessors, therefore, did not consider petitioner as having actually filed an appeal, and thus, refused to consider the challenge filed by UMPTAP. Because an assessor's review is a prerequisite to an appeal to the March Board of Review, the March Board of Review concluded that it could not consider petitioner's appeal. And, absent an appeal to the March Board of Review, the Tribunal determined that it could not exercise its jurisdiction to consider the case.

Petitioner presents numerous arguments as to why her failure to provide a timely letter of authorization is not dispositive of her appeal. She first argues that respondent's Board of Assessors was not properly established by the Detroit Charter. Petitioner relies on the following provision of the General Property Tax Act (GPTA), MCL 211.1 *et seq*:

> Notwithstanding any provision of this act to the contrary, a charter of a city or township may authorize the establishment of procedures requiring protests to the board of review to be first addressed to the assessor or other agency of the city or township as a prerequisite for a protest before the board of review if the assessor or other agency to whom a protest is first addressed does not have the authority to deny the petitioner the right to protest before the board of review. [MCL 211.107(1).]

Petitioner argues that the City charter fails to authorize the establishment of procedures for initial review by a Board of Assessors.

Detroit Charter, § 6-304, states: "The Assessments Division is headed by a three (3) member Board of Assessors." Further: "A majority of the Board may review and correct any assessment made by an employee of the Division." *Id*. And, "[e]xcept as otherwise provided by this Charter or ordinance, the powers, duties and procedures of the Board and the Division are those provided by law." *Id*. Meanwhile, Detroit Charter, § 8-402, titled "Assessors' Duties," states:

---

[3] The parties engage in much debate about the law related to subject-matter jurisdiction. The dispute is irrelevant to the present case because, while the Tribunal undoubtedly has subject-matter jurisdiction to consider cases involving property assessment disputes, the current case is not about subject-matter jurisdiction in general, but about whether the Tribunal's subject-matter jurisdiction was properly invoked. There is no legitimate dispute the Tribunal has the "abstract power to try a case" involving property assessment disputes. *New Covert Generating Co*, 334 Mich App at 48. Rather, this case concerns whether petitioner complied with "the prerequisites to the assertion of jurisdiction" by the Tribunal. *Id*. at 49.

1. The Board of Assessors shall certify the assessment roll to the board of review on or before the date provided by ordinance.

2. The Assessors shall prepare the tax roll by spreading property taxes ratably on the assessment roll on or before the date provided by ordinance and shall deliver the tax roll to the Treasurer in the manner provided by law.

Lastly, Detroit Charter, § 9-401 states:

The City Council may, by ordinance, sit as a Board of Review to the extent allowed by law, or appoint a Board of Review to hear and determine appeals from property tax assessments. The board shall possess the duties and powers provided by law, which may be exercised by the whole board or by committees thereof. An appointed board shall consist of at least seven (7) members appointed from each of the non at-large districts.

Appeals from decisions of the board shall be taken in the manner provided by law.

Petitioner correctly notes that the Detroit Charter does not specifically state that a person challenging an assessment of their property must appeal to the Board of Assessors as a prerequisite to being heard by the March Board of Review. However, the Charter does provide the Board of Assessors with the power to "review and correct any assessments made by an employee of the Division." Detroit Charter, § 6-304. Moreover, the Charter additionally establishes that the Board of Assessors' "power, duties, and procedures" would be "those provided by law," unless "otherwise provided by this Charter or ordinance . . . ." *Id.*

As noted, MCL 211.107(1) provides that "a charter of a city or township may authorize the establishment of procedures requiring protests to the board of review to be first addressed to the assessor or other agency of the city or township as a prerequisite for a protest before the board of review . . . ." Under this provision, the charter need only "authorize the establishment of procedures." Accordingly, the statute does not specifically require the Detroit Charter to establish the procedures, but only to authorize the establishment of the procedures. Although this may seem like a mere semantic distinction, in the present case, the distinction makes the difference. The Detroit Charter authorizes the Board of Assessors' "power, duties, and procedures" to be created by charter or ordinance. Detroit Charter, § 6-304. The Detroit Ordinances, then, created the procedures for appeals of a real-property tax assessment—an aggrieved person must appeal to the Board of Assessors before being allowed to appeal to the March Board of Review. Detroit Ordinances, § 44-4-6(b).

In sum, the statute at issue, MCL 211.107(1), only requires a city charter to authorize the establishment of procedures for a Board of Assessors. The Detroit Charter does so by providing an authorization for the Detroit Ordinances to create specific procedures for the Board of Assessors. Detroit Charter, § 6-304. The Detroit Ordinances then finish the job, by specifically requiring an appeal with the Board of Assessors as a prerequisite to an appeal with the March Board of Review. Detroit Ordinances, § 44-4-6(b). Consequently, petitioner's argument that respondent could not require an appeal with the Board of Assessors lacks merit. MCL 211.107(1).

Next, petitioner argues that the requirement of a letter of authorization to file an appeal with the Board of Assessors is unlawful because it frustrates state law. "A state statute preempts regulation by an inferior government when the local regulation directly conflicts with the statute or when the statute completely occupies the regulatory field." *USA Cash # 1, Inc v Saginaw*, 285 Mich App 262, 267; 776 NW2d 346 (2009). "In the context of conflict preemption, a direct conflict exists when the ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits." *DeRuiter v Byron Twp*, 505 Mich 130, 140; 949 NW2d 91 (2020) (quotation marks and citation omitted). For this argument, petitioner relies on three statutory subsections from the GPTA. First, she cites two subsections of MCL 211.30:

> (4) A board of review shall meet a total of at least 12 hours during the week beginning the second Monday in March to hear protests. *At the request of a person whose property is assessed on the assessment roll or of his or her agent*, and if sufficient cause is shown, the board of review shall correct the assessed value or tentative taxable value of the property in a manner that will make the valuation of the property relatively just and proper under this act. . . .
>
> * * *
>
> (8) The governing body of the township or city may authorize, by adoption of an ordinance or resolution, a resident taxpayer to file his or her protest before the board of review by letter without a personal appearance *by the taxpayer or his or her agent*. [MCL 211.30(4) and (8) (emphases added).]

Petitioner notes that, while these two statutory subsections mention protests filed by an agent, they do not require the authority of the agent to be reduced to a writing. Petitioner also cites MCL 211.122, which states: "The state treasurer shall prescribe or approve all forms, blanks, and record books required under this act. The county clerks and treasurers shall use the blanks prescribed or approved by the state treasurer and no others." Petitioner notes the forms prepared by the state treasurer do not contain requirements for a written letter of authorization. She contends this was an indication by the Legislature that such a requirement is not permitted.

The ordinance at issue states a person aggrieved by an assessment may appeal to the Board of Assessors "in person or by an agent authorized by such person in writing . . . ." Detroit Ordinances, § 44-4-3(a). When determining whether a statute and ordinance conflict, the pertinent question is whether "the ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits." *DeRuiter*, 505 Mich at 140 (quotation marks and citation omitted). As is clear from its language, the ordinance at issue requires a writing to establish an agent as the representative of a party with standing to appeal. Detroit Ordinances, § 44-4-3(a). Petitioner's reliance on MCL 211.122 is misplaced because the statute does not mention authorizations, whether in writing, or any other manner. Because MCL 211.122 does not forbid a city from requiring an agency relationship to be reduced to writing, there is no conflict. *DeRuiter*, 505 Mich at 140.

On the other hand, MCL 211.30(4) and (8) actually reference an appealing taxpayer having an agent appear on their behalf. Those statutory subsections, however, contain no guidance on whether an agency relationship must be reduced to writing. While the two statutory subsections

-6-

and the ordinance are not identical, they also do not conflict. As this Court has explained, "[i]t is well established . . . that a local ordinance that regulates in an area where a state statute also regulates, with mere differences in detail, is not rendered invalid due to conflict." *USA Cash # 1, Inc*, 285 Mich App at 267. The ordinance, with respect to agency relationships, simply contains more detail than the statutory subsections cited by petitioner. And, as noted, while the ordinance requires evidence of an agency relationship to be in writing, the statutory subsections *do not* prohibit such. *DeRuiter*, 505 Mich at 140. The statute at issue merely states an agent can file an appeal on behalf of a property-tax appellant; it contains no specifics on how such an agent is required to prove they actually are acting on behalf of such appellant. The difference in specificity between the statutory subsections and ordinance is not a conflict, and thus, petitioner's argument lacks merit.

Petitioner also argues that her appeal with the Board of Assessors was properly and timely filed. Specifically, she contends that the Board of Assessors' requirement of a written letter of authorization is unsupported by city ordinance. She is incorrect. The ordinance at issue, which we must enforce as written, see *West Mich Annual Conference of the United Methodist Church v Grand Rapids*, 336 Mich App 132, 140; 969 NW2d 813 (2021), allows an appeal "in person or by an agent authorized by such person in writing . . . [.]" Detroit Ordinances, § 44-4-3(a). The only reasonable interpretation of this ordinance is that a petitioner must provide written authorization allowing an agent to file an appeal as the petitioner's representative. Thus, this argument lacks merit.

Next, petitioner contends that her failure to provide a written letter of authorization was a *de minimis* error that did not allow the Board of Assessors to refuse to consider her appeal.[4] Petitioner believes the lack of a written letter of authorization did not render her protest to the Board of Assessors "wholly deficient" as meant by this Court in *AERC of Mich*, 266 Mich App at 721, 724. She notes her appeal included her name, the property's address, the assessed value determined by respondent, and the value petitioner believed was correct. Petitioner overlooks, though, that without the letter of authorization, the Board of Assessors had no ability to know the appeal filed by UMPTAP actually was on petitioner's behalf. The appeal, as it was submitted, did not contain any signatures from petitioner. Instead, the appeal was filed by UMPTAP with a promise UMPTAP would provide proof it represented petitioner as soon as possible. The Board of Assessors instructed UMPTAP to file the written letter of authorization from petitioner by the end of the business day on February 24, 2021, which was two days after the deadline to file an appeal. Petitioner and UMPTAP failed to file the written letter of authorization, which caused the Board of Assessors to determine petitioner did not actually file an appeal. As a result, it refused to consider any of the claims included in UMPTAP's filings.

---

[4] In her brief on appeal, petitioner asserts she has standing to challenge the assessment of her real property. As noted by respondent, this issue is not at dispute in this case. Respondent does not disagree petitioner could have filed an appeal on her own because she had standing to do so: "Respondent does not deny Petitioner had standing to challenge her assessment." Nor did the Tribunal rely on a lack of standing when dismissing petitioner's case. Thus, there is no reason to consider this claim by petitioner.

A deliberate failure to comply with an express term of the ordinance regarding appeals before the Board of Assessors is not a *de minimis* error. See *AERC of Mich*, 266 Mich App at 720-721. This Court's opinion in *AERC of Mich* provides relevant guidance on the issue. In that case, the petitioner's representative attempted to challenge the assessments of 75 parcels, one of which belonged to the petitioner, with the Grand Rapids Board of Assessors (GRBOA). *Id.* at 719. The petitioner's representative submitted separate appeals forms for each parcel, but for the petitioner's property, "the appeal form set forth only the address, parcel number, and assessed and taxable value of the parcel." *Id.* The remaining information required on the form, which was substantive in nature, only made a vague reference to a pending case before the Tribunal. *Id.* The GRBOA again contacted the petitioner's representative and informed the representative that the Grand Rapids Charter required protests to the GRBOA to state specific grounds regarding why the petitioner believed the property had been improperly assessed. *Id.* at 719, 723. When the petitioner failed to provide the requested information, the GRBOA informed the petitioner's representative "that because the documentation provided by counsel was insufficient to meet the requirements of [the] respondent's charter, the assessment and taxable value protests would not be accepted for an assessor's review and, therefore, could not be submitted for review by" the Grand Rapids equivalent of the March Board of Review (GRMBOR). *Id.* at 719-720.

The petitioner appealed to the Tribunal, which dismissed the petitioner's case for reasons not related to this issue on appeal. *Id.* at 721. This Court affirmed the Tribunal's decision, although for a different reason. *Id.* The Court summarized its decision, stating that "because we conclude that the failure to obtain board review of the assessment was not the product of any unconstitutional or otherwise improper action by [the] respondent, but was [the] petitioner's deliberate choice to thwart valid appeal requirements . . . ." *Id.* This Court first noted Grand Rapids required a protest to the GRBOA as a prerequisite to appearing before the GRMBOR. *Id.* at 723. Further, the panel reasoned a protest to the GRBOA that was "simply insufficient to meet the charter requirement[s]," was a failure "as a matter of law . . . ." *Id.* at 723-724. And, more importantly, by failing as a matter of law to protest to the GRBOA, the "petitioner was not entitled to review before the" GRMBOR. *Id.* at 724. Thus, because it was the petitioner's own error, and not a legal or unconstitutional error of the respondent, that caused the petitioner's inability to obtain review by the GRMBOR, the Tribunal's dismissal of the petitioner's subsequent appeal was proper. *Id.* at 724-725.

The parallels between *AERC of Mich* and the present case are clear. Like the GRBOA in *AERC of Mich*, the Board of Assessors in this case refused to consider petitioner's assessment protest because of a failure to comply with the legal requirement for filing such a protest. In *AERC of Mich*, the legal error was the petitioner's refusal to provide specific arguments regarding why it believed the parcel had been overassessed. In the present case, petitioner failed to comply with the explicit requirement of Detroit Ordinances, § 44-4-3(a), to include a written letter of authorization with any appeal filed by an aggrieved person's agent. While the error was not the same as that in *AERC of Mich*, the relevant point is both appeals failed to fulfill the legal requirements for appealing property assessments established by the city in question. In sum, petitioner' failure to include an item explicitly required by ordinance was a legal insufficiency

amounting to a "wholly deficient" appeal, which the Board of Assessors had no legal duty to consider.[5]

Petitioner also suggests that the Tribunal should have overlooked her failure because a written letter of authorization was not necessary for the Board of Assessors to consider her appeal. We disagree. The letter of authorization was necessary to prove UMPTAP actually was acting on behalf of someone with standing to challenge the assessment. By petitioner's reasoning, anyone could protest any property assessment to the Board of Assessors so long as they promised to eventually provide evidence they were acting as an agent of someone with standing to actually protest the assessment. Such a rule is not supported by *AERC of Mich* nor the Detroit Ordinances. Therefore, there was no error on behalf of the Board of Assessors for refusing to consider her protest.

Petitioner attempts to avoid this conclusion by claiming UMPTAP had written authorization because petitioner filled out an online form providing UMPTAP with such authorization. Petitioner, however, did not provide this purported online form to the Board of Assessors, the March Board of Review, the Tribunal, or this Court. Moreover, even if petitioner could prove the alleged written online form existed, this would not change the fact that she did not provide the form to the Board of Assessors. Thus, under Detroit Ordinances, § 44-4-3(a), petitioner still had not proven her agent had written authorization from her to file the appeal.

Lastly, petitioner contends that the simple fact of her protest to the March Board of Review was enough to invoke the Tribunal's jurisdiction under MCL 205.735a(3). However, this argument was rejected in *AERC of Mich*, 266 Mich App at 720, where "[c]ounsel for [the] petitioner nonetheless appeared before the board of review, which declined to hear any appeal relative to [the] petitioner's property." Despite this appearance at GRMBOR, this Court was not convinced the Tribunal erred when it dismissed the petitioner's case, stating: "We similarly reject [the] petitioner's unpreserved assertion that its mere appearance at the board of review meeting was sufficient to require review of its assessment concerns by the board." *Id*. at 724-725. In short, this Court effectively held an appearance before the March Board of Review must be a proper one,

---

[5] Petitioner also encourages us to follow an unpublished decision, *Wise v City of Holland*, unpublished per curiam opinion of the Court of Appeals, issued May 12, 2016 (Docket No. 327450), which she believes is more similar to the present case than *AERC of Mich*. Unpublished opinions are not precedentially binding but may be considered for their persuasive value. *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 409 n 1; 809 NW2d 669 (2011). Contrary to petitioner's arguments, *Wise* is not analogous to the present case. In *Wise*, the Board of Review did not consider the petitioner's protest even though it was filed within the statutory time period for doing so. *Wise*, unpub op at 1. On appeal, this Court held that the Board of Review violated its statutory duty to hold hearings for a specific time period, and the petitioner could not be faulted for the Board's legal error. *Id*. at 4-5. In contrast, in this case the Board of Assessors did not consider petitioner's appeal because of *her* error, i.e., her failure to abide by the ordinance's requirement to provide a written letter of authorization.

not just any appearance. Accordingly, petitioner's appearance at the March Board of Review does not change our analysis.

In conclusion, the Board of Assessors properly refused to consider petitioner's challenge under Detroit Ordinances, § 44-4-3(a). As a result of her failure to properly file the appeal with the Board of Assessors, she was not permitted to file a protest with the March Board of Review under Detroit Ordinances, § 44-4-6(b). Considering her failure to properly appeal with the March Board of Review, she did not properly invoke the Tribunal's jurisdiction under MCL 205.735a(3). Therefore, the Tribunal did not err when it dismissed petitioner's case.[6]

## B. STATUTORY AND CONSTITUTIONAL CHALLENGES

Petitioner also argues that the Tribunal violated its statutory duty to conduct a de novo review, and that the Board of Assessors, March Board of Review, and Tribunal violated her due-process rights. We disagree on both counts.[7]

As established by statute, "the proceedings before the tribunal are original and independent and [are] considered de novo." *Mich Props, LLC*, 491 Mich at 543 (quotation marks, citation, and emphasis omitted; alteration in original), citing MCL 205.735a(2). "Under MCL 205.735a(2), the Tax Tribunal must not simply accept the findings of the board of review, but must make its own independent determination of whether the taxpayer is entitled to the requested" relief. *Spranger v City of Warren*, 308 Mich App 477, 485 n 4; 865 NW2d 52 (2014). "The Tax Tribunal's duty to undertake an independent consideration de novo is particularly great when the board of review has committed a procedural error . . . ." *Id*.

Despite having a duty to conduct a de novo review of a case, the Tribunal must also determine whether its jurisdiction has properly been invoked under MCL 205.735a(3), especially after such was challenged by respondent in its answer to the petition. "Whether a tribunal had subject-matter jurisdiction may be raised at any time, even for the first time on appeal." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 45; 964 NW2d 378 (2020). Here, the Tribunal was aware of the most pertinent and undisputed facts: (a) petitioner did not timely submit a written letter of authorization to the Board of Assessors; (b) on the basis of that failure, the Board of Assessors refused to consider petitioner's protest of the assessment; and (c) because

---

[6] Petitioner alternatively argues that respondent should be estopped from enforcing the ordinance requiring a written letter of authorization because respondent did not comply with its other ordinances in such an exacting nature. Petitioner has abandoned this issue by failing to cite any caselaw or statutes allowing for such a defense to the enforcement of an ordinance. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.") ((quotation marks and citation omitted).

[7] "The determination whether a party has been afforded due process is a question of law subject to review de novo on appeal." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014).

-10-

petitioner did not properly appeal to the Board of Assessors, the March Board of Review also refused to consider petitioner's appeal. Given these undisputed facts, the Tribunal had no other option than to conclude petitioner had not properly invoked the Tribunal's jurisdiction under MCL 205.735a(3). The Tribunal, as noted, was entitled to consider and decide this issue at any time because it relates to subject-matter jurisdiction. As discussed above, none of the factual or legal arguments would have made any difference to the ultimate outcome required in the present case— petitioner's appeal to the Tribunal had to be dismissed because she failed to adequately invoke the Tribunal's jurisdiction. Consequently, the necessary review of the record under MCL 205.735a(2) was completed by the Tribunal's understanding that the undisputed facts of the appeal required its dismissal under MCL 205.735a(3). This argument lacks merit.

Petitioner also argues her due-process rights were violated by the Board of Assessors, March Board of Review, and the Tribunal. This Court explained due-process rights as related to appeals of property assessment and collection of taxes:

> The owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes. At a minimum, due process requires notice and an opportunity to be heard in a meaningful time and manner. A local board of review is required to provide constitutionally adequate notice in a manner that is consistent with due-process principles. [*Spranger*, 308 Mich App at 482-483 (citations omitted)]

The record shows petitioner was provided notice and a meaningful opportunity to be heard in a meaningful manner. However, she failed to take advantage of the opportunities.

Initially, as it relates to notice, petitioner does dispute that she was notified of her ability and opportunity to protest the assessment of her real property to the Board of Assessors. Therefore, with respect to her initial appeal to the Board of Assessors, there is no dispute regarding whether petitioner was provided adequate notice. The next question to consider is whether petitioner had a meaningful opportunity to be heard in a meaningful manner. As reviewed above, the ordinance regulating appeals to the Board of Assessors is unambiguous and requires an aggrieved person to either appeal on their own or via an agent. Detroit Ordinances, § 44-4-3(a). If the aggrieved person chooses to be represented by an agent, the aggrieved person must provide authorization in writing. *Id*. Because of two extensions of deadlines by respondent, petitioner had until the end of the business day on February 24, 2021, to provide the Board of Assessors with the required written letter of authorization, but failed to do so. Had petitioner provided the required documentation, she would have been permitted to present her evidence and arguments to the Board of Assessors. Petitioner does not contend now, nor has she ever, that the review by the Board of Assessors, when properly sought, is somehow insufficient as related to due-process concerns.

The undisputed portion of the record shows petitioner had "*an opportunity* to be heard in a meaningful time and manner." *Spranger*, 308 Mich App at 483 (emphasis added). Petitioner had an opportunity to appeal the assessment of her real property—the same opportunity granted to every aggrieved person in respondent city. To take advantage of the opportunities for such aggrieved individuals, they have to first file a proper appeal with the Board of Assessors and petitioner did not do so. Because an opportunity to be heard in a meaningful time and manner is

all that is required for procedural due process, and such was provided, petitioner's argument lacks merit.

Petitioner's error with respect to her opportunity to appeal to the Board of Assessors compounded because of Detroit Ordinances, § 44-4-6(b), which requires an appeal to the Board of Assessors before an appeal to the March Board of Review will be permitted. Once again, though, there can be no dispute petitioner had *an opportunity* to be heard before the March Board of Review, but failed to take advantage of that opportunity for the same reasons already discussed. In *AERC of Mich*, 266 Mich App at 724, this Court stated that "because such protest" to the Board of Assessors "was a valid prerequisite to review by the" March Board of Review, the "petitioner was not entitled to review before the [March Board of Review] and that, therefore, the failure to obtain board review was not the product of any unconstitutional or otherwise improper action by [the] respondent." The same decision must be reached here.

Lastly, petitioner contends that the Tribunal violated her due-process rights by dismissing her case sua sponte. She relies on *Al-Maliki v LaGrant*, 286 Mich App 483, 484; 781 NW2d 853 (2009), in which the trial court granted summary disposition to the defendant on an issue the trial court raised sua sponte at oral argument. Despite the lack of notice that the issue would be discussed at oral argument, the plaintiff still tried to argue the issue and provide evidence to the trial court. *Id*. at 487-478. The trial court, however, refused to accept or consider the evidence or arguments, and granted the motion. *Id*. at 488. On the basis of the trial court's actions, this Court determined "the basic requirements of notice and a meaningful opportunity to be heard have not been satisfied in this case." *Id*.

This case is materially distinguishable from *Al-Maliki*; in that case, the plaintiff did not know the issue was going to be raised in the case. Indeed, the defendant had essentially conceded the issue in its briefing. *Id*. at 487. In contrast, petitioner was well aware that whether she adequately invoked the jurisdiction of the Tribunal was at issue. In a letter attached to the petition, she presented limited arguments regarding why she believed her protest to the March Board of Review was enough to satisfy MCL 205.735a(3). Further, in its answer to the petition, respondent contended that the case should be dismissed because petitioner did not properly appeal to the March Board of Review. While it may have been more prudent for the Tribunal to notify petitioner that it was considering dismissing her case for lack of jurisdiction and provide her an opportunity to brief the subject, it cannot be said that petitioner lacked notice that jurisdiction was at issue in the present case.

We also note that any error was rendered harmless by the Tribunal's consideration of petitioner's motion for reconsideration. As explained by this Court in *Al-Maliki*, 286 Mich App at 485-485, "[w]here a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing." More specifically, "any error by a court in granting summary disposition sua sponte without affording a party an adequate opportunity to brief an issue and present it to the court may be harmless," so long as "the party is permitted to fully brief and present the argument in a motion for reconsideration." *Id*. at 486. In this case, the Tribunal carefully considered petitioner's relevant arguments and evidence. Nevertheless, because an undisputed fact from the initial proceedings before respondent was dispositive, the Tribunal determined that it could not reconsider its order of dismissal. Because petitioner was "permitted to fully brief and present the argument in a motion for reconsideration," any purported due-process

violation committed by the Tribunal in dismissing petitioner's case sua sponte was rendered harmless. *Id*. at 486.

Affirmed.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro