# STATE OF MICHIGAN

# COURT OF APPEALS

D'AGOSTINI LAND COMPANY LLC,

        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

FOR PUBLICATION
January 9, 2018
9:20 a.m.

No. 336599
Tax Tribunal
LC No. 16-000174-TT

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

SWARTZLE, J.

This Court is asked again to determine the character of a rather protean actor under Michigan tax law, the "unitary business group." The group has no independent existence outside of tax law, unlike, for example, a partnership or corporation. It is a recent creation of tax law, and its definition has changed markedly since inception.

In this appeal, petitioner D'Agostini Land Company, LLC, as the representative member of a unitary business group, claims that it should be treated as a unified taxpayer for purposes of the Michigan Business Tax Act's small business alternative credit. Because "unitary business group" is not listed as a type of taxpayer subject to certain disqualifications, the group should be able to claim the credit notwithstanding the fact that one of its members would otherwise trigger one of the disqualifications. Respondent Department of Treasury disagrees and points to its published guidance that explains that each member of the unitary business group is subject to the disqualifying provisions. To grasp how to apply the credit and its disqualifying provisions to a unitary business group, the plain, ordinary meaning of the statutory text is sufficient, although our conclusion is strengthened by applying a common canon of statutory construction. As explained here, we agree with petitioner and reverse.

## I. BACKGROUND

Central to this appeal is how the Michigan Business Tax Act's (MBT) small business alternative credit applies to a specific type of taxpayer—unitary business group. It will be helpful, therefore, to review the credit's history under Michigan tax law, as well the state's relatively recent adoption and modification of the unitary-business-group concept.

## A. THE SMALL BUSINESS ALTERNATIVE CREDIT UNDER MICHIGAN TAX LAW

-1-

Given the importance of small businesses to the state's economy, Michigan has historically provided tax credits for qualifying small businesses. Beginning in the late 1970s, Michigan offered a form of the following credit under the state's Single Business Tax Act (SBT):

(2) The credit provided in this section shall be taken before any other credit under this act, and is available to any person whose gross receipts do not exceed . . . $10,000,000.00 for tax years commencing after 1991, and whose adjusted business income minus the loss adjustment does not exceed $475,000.00 for tax years commencing on or after January 1, 1985, subject to the following:

(a) *An individual, a partnership, or a subchapter S corporation is disqualified* if the individual, any 1 partner of the partnership, or any 1 shareholder of the subchapter S corporation receives more than . . . $115,000.00 for tax years commencing after December 31, 1997 as a distributive share of the adjusted business income minus the loss adjustment of the individual, the partnership, or the subchapter S corporation.

(b) *A corporation other than a subchapter S corporation is disqualified* if either of the following occur for the respective tax year: [various adjustments not relevant here] [MCL 208.36 (repealed by 2011 PA 39) (emphasis added).]

Effective January 2008, Michigan repealed the SBT and replaced it with the MBT. The MBT also included a small business alternative credit in substantially the same form as the prior one, though it was updated, among other ways, to include limited liability companies among those taxpayers which may be disqualified from taking the credit:

(1) The credit provided in this section shall be taken after the credits under sections 403 and 405 and before any other credit under this act and is available to any taxpayer with gross receipts that do not exceed $20,000,000.00 and with adjusted business income minus the loss adjustment that does not exceed $1,300,000.00 as adjusted annually for inflation using the Detroit consumer price index and subject to the following:

(a) *An individual, a partnership, a limited liability company, or a subchapter S corporation is disqualified* if the individual, any 1 partner of the partnership, any 1 member of the limited liability company, or any 1 shareholder of the subchapter S corporation receives more than $180,000.00 as a distributive share of the adjusted business income minus the loss adjustment of the individual, the partnership, the limited liability company, or the subchapter S corporation.

(b) *A corporation other than a subchapter S corporation is disqualified* if either of the following occur for the respective tax

year: (i) Compensation and directors' fees of a shareholder or officer exceed $180,000.00. (ii) The sum of the following amounts exceeds $180,000.00: [various adjustments not relevant here] [MCL 208.1417 (repealed by 2011 PA 39) (emphasis added).]

The MBT was not long for the tax world, and the state replaced it just four years later with the Corporate Income Tax (CIT), effective January 2012. As with prior tax acts, the current CIT includes a credit for qualifying small businesses:

> (1) The credit provided in this section shall be taken before any other credit under this part and is available to any taxpayer, other than those taxpayers subject to the tax imposed under chapter 12 or 13, with gross receipts that do not exceed $20,000,000.00 and with adjusted business income minus the loss adjustment that does not exceed $1,300,000.00 as adjusted annually for inflation using the Detroit consumer price index, and subject to the following:
>
> > (a) *A corporation or unitary business group is disqualified* if either of the following occurs for the respective tax year:
> >
> > > (i) Compensation and directors' fees of a shareholder or officer exceed $180,000.00.
> > >
> > > (ii) The sum of the following amounts exceeds $180,000.00: [various adjustments not relevant here] [MCL 206.671(emphasis added).]

## B. UNITARY BUSINESS GROUP AS A "TAXPAYER" UNDER MICHIGAN TAX LAW

One key difference between the CIT's small business alternative credit and those in the SBT and MBT is the former's inclusion of the term "unitary business group" among the taxpayers which may be disqualified from taking the credit. A unitary business group is not a separate and distinct legal entity, like a corporation, limited liability company, or partnership; rather, the group is purely a creation of tax law. In general, a unitary business group is a group of related U.S. persons whose business activities are sufficiently interdependent. MCL 206.611(6) (CIT); MCL 208.1117(6) (MBT). To qualify as a unitary business group, one member of the proposed group must own or control more than 50 percent of the other members and there must be a sufficient connection between the members to meet one of two relationship tests. MCL 206.611(6) (CIT); MCL 208.1117(6) (MBT). If a group of businesses qualifies as a unitary business group in a particular tax year, then the group must file a unitary tax return for that year. MCL 206.691(1) (CIT); MCL 208.1511 (MBT). Michigan, like several other states, has adopted the unitary-business-group concept in an effort to measure more accurately the related group's taxable activities in the state.

Unitary business groups were not taxed as such under the SBT. When it enacted the MBT, the Legislature added "unitary business group" to the list of persons who qualify as a "taxpayer" under state law. MCL 208.1117(5). Membership in a unitary business group was open to individuals as well as a wide range of legal entities, including corporations, limited liability companies, and partnerships. MCL 208.1117(6),(7). With the CIT, the Legislature

-3-

retained the concept of a "unitary business group" in the definition of a "taxpayer," but it restricted membership in such a group to corporations, insurance companies, and financial institutions. MCL 206.611(6).

## C. TREASURY DISALLOWS CREDIT CLAIMED BY UNITARY BUSINESS GROUP

In this tax dispute, the unitary-business-group taxpayer (represented by petitioner D'Agostini Land Company LLC (D'Agostini)) and the Department of Treasury (Treasury) disagree on whether a unitary business group is subject to the disqualifying provision of the MBT's small business alternative credit. The following facts are not in dispute: D'Agostini is the designated representative of a unitary business group who filed returns under the MBT in 2009, 2010, and 2011. The group claimed a small business alternative credit under the MBT in 2009 and 2010. In neither year did the group's gross receipts exceed $20,000,000, nor did the group's adjusted net income exceed $1,300,000. One of its members, a subchapter S corporation, did receive more than $180,000 as a distributive share of the adjusted net business income. Consistent with its then-published guidance, Treasury disallowed the credit because, in its view, no member of a unitary business group can violate the disqualifying provision in MCL 208.1417(1)(a),(b) and claim the credit, even though the term "unitary business group" is not itself listed as a type of taxpayer which may be disqualified from taking the credit. See Treasury's MBT FAQs C41. Treasury adjusted the group's 2009 and 2010 returns, which resulted in an adjustment to the 2011 return as well; the adjustments added taxes due by the group as well as late penalties and interest.

On behalf of the group, D'Agostini appealed Treasury's decision to the Tax Tribunal. On cross motions for summary disposition, the Tribunal affirmed Treasury's decision with respect to the adjustments as well as to the late penalties and interest. D'Agostini moved for reconsideration, arguing that the group should have been reevaluated under this Court's decision in *Labelle Mgt, Inc v Dep't of Treasury*, 315 Mich App 23; 888 NW2d 260 (2016). The Tribunal denied the motion, concluding that the status of the unitary business group had never been at issue and that both parties had earlier acknowledged the status of the group.

D'Agostini appealed.

## II. ANALYSIS

D'Agostini claims on appeal that the Tribunal erred in three separate ways. First, the Tribunal misread the plain language of the disqualifying provisions of the MBT's small business alternative credit. The provisions list five types of taxpayers which are subject to disqualification, and "unitary business group" is not one of them. Second, even if a unitary business group is subject to disqualification, the Tribunal should have allowed the group to take certain loss adjustments. Finally, according to D'Agostini, the Tribunal should have determined whether the group was even properly considered a unitary business group under this Court's recent decision in *Labelle Mgt*.

## A. STANDARD OF REVIEW

On appellate review, this Court defers to the Tribunal's factual findings supported by competent, material, and substantial evidence, but reviews de novo the Tribunal's legal

conclusions, including its decision to grant summary disposition under MCR 2.116(C)(10) as well as its interpretation of a statute. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). Summary disposition is appropriate under MCR 2.116(C)(10) when, except as to damages, "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

With respect to statutory interpretation, this Court is required to give effect to the Legislature's intent. *Van Buren County Educational Ass'n v Decauter Pub Sch*, 309 Mich App 630, 643; 872 NW2d 710 (2015). The Legislature is presumed to intend the meaning clearly expressed, and this Court must give effect to the plain, ordinary, or generally accepted meaning of the Legislature's terms. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). "A statutory provision is ambiguous only if it irreconcilably conflicts with another provision, or when it is equally susceptible to more than a single meaning." *People v Fawaz*, 299 Mich App 55, 63; 829 NW2d 259 (2012) (internal quotation marks and citation omitted). Only when ambiguity exists does the Court turn to common canons of construction for aid in construing a statute's meaning. *People v Borchard-Ruhland*, 460 Mich 278, 284-285; 597 NW2d 1 (1999).

### B.  SOME, BUT NOT ALL, "TAXPAYERS" ARE DISQUALIFIED FROM TAKING THE MBT'S SMALL BUSINESS ALTERNATIVE CREDIT

Although D'Agostini raises three claims of error, we begin and end our analysis with the first one. Under the MBT, a "taxpayer" is defined as "a person or unitary business group liable for a tax, interest, or penalty under this act." MCL 208.1117(5). The act also includes a definition of a "unitary business group"—a group of related entities which satisfy specific control and relationship conditions. MCL 208.1117(6). The act goes on to define a "person" as "an individual, firm, bank, financial institution, insurance company, limited partnership, limited liability partnership, copartnership, partnership, joint venture, association, corporation, subchapter S corporation, limited liability company, receiver, estate, trust, or any other group or combination of groups acting as a unit." MCL 208.1113(3). Thus, individuals, partnerships, limited liability companies, corporations, and unitary business groups are all specifically identified as entities which, among others, may qualify as a taxpayer under the MBT.

With respect to the small business alternative credit, the MBT provides that the credit can be claimed by "any taxpayer" which has gross receipts not exceeding $20,000,000 and adjusted net income not exceeding $1,300,000. MCL 208.1417(1). The statute then makes the credit expressly "subject to" several disqualifying conditions:

> (a) *An individual, a partnership, a limited liability company, or a subchapter S corporation is disqualified* if the individual, any 1 partner of the partnership, any 1 member of the limited liability company, or any 1 shareholder of the subchapter S corporation receives more than $180,000.00 as a distributive share of the adjusted business income minus the loss adjustment of the individual, the partnership, the limited liability company, or the subchapter S corporation.

(b) *A corporation other than a subchapter S corporation is disqualified* if either of the following occur for the respective tax year:(i) Compensation and directors' fees of a shareholder or officer exceed $180,000.00.(ii) The sum of the following amounts exceeds $180,000.00: [various adjustments not relevant here] [MCL 208.1417(1) (repealed by 2011 PA 39) (emphasis added).]

Thus, in terms of structure, the credit's language consists of a broad grant of the credit to "any taxpayer" which meets certain financial thresholds, followed by two limited exceptions or disqualifications related to entities which exceed other financial thresholds. The plain, logical way to read the statute is that the main provision applies at the "any taxpayer"-level, and the disqualifying provisions that follow similarly (and consistently) apply at the taxpayer-level—i.e., the entities listed in the disqualifying provisions are the types of taxpayers which may be disqualified from claiming the credit. Thus, it follows that if a particular type of taxpayer is not listed in the disqualifying provision, then that type of taxpayer is not subject to disqualification based on the compensation of an owner or officer.

This reading is consistent with how Treasury treats most types of taxpayers in this situation. For example, in Letter Ruling 2013-3, Treasury was asked whether an irrevocable trust, a type of taxpayer, was subject to the credit's disqualifying provisions. Treasury explained that it was not: "An irrevocable trust is not listed as being subject to the disqualifiers or reduction percentages; therefore, irrevocable trusts are not subject to the disqualifiers or reduction percentages listed under MCL 208.1417(a) and (c). See *Alliance Obstetrics & Gynecology, PLC v Michigan Dep't of Treasury*, 285 Mich App 284 (2009)." LR 2013-3 (June 26, 2013).

Treasury agrees with this reading as far as it goes, but then it asks this Court to go farther and infer that the disqualifying provisions also apply to a unitary business group made up of one or more of the listed entities (e.g., individuals, partnerships, limited liability companies, or corporations). We decline the invitation for several reasons. First, there is nothing on the face of the statute to suggest such a reading. Subsection (1) refers broadly to "any taxpayer," followed immediately by subdivisions (a) and (b), which list several entities defined elsewhere as types of taxpayers. A person who read MCL 208.1417(1) and (a) and (b) would reasonably conclude that the entities listed in the two subdivisions were those taxpayers—and only those taxpayers— which may be disqualified from claiming the credit. Nowhere does the plain language of the statute imply that a taxpayer which is not itself listed under subdivision (a) or (b) should somehow be unpacked like a matryoshka doll until a disqualifying member of the group is discovered. The Legislature expressed itself with sufficient clarity in MCL 208.1417(1), and we will not infer an extension that is not supported by the statute's text. *Labelle Mgt*, 315 Mich App at 29 ("Tax laws generally will not be extended in scope by implication or forced construction, and when there is doubt, tax laws are to be construed against the government.").

To support its contrary reading, Treasury relies on its interpretive guidance provided to taxpayers as well as several Tribunal decisions interpreting and applying similar provisions in the SBT. Courts do give "respectful consideration" to a state agency's interpretation of a statute and do not generally overrule such an interpretation absent "cogent reasons." *In re Complaint of Rovas*, 482 Mich 90, 108; 754 NW2d 90 (2008). Moreover, legislative silence in the face of

agency decisions may, under certain circumstances, suggest legislative acquiescence. See, e.g., *NLRB v Bell Aerospace*, 416 US 267, 275; 94 S Ct 1757; 40 L Ed 2d 134 (1974) (adopting the board's interpretation of "employee" that had been consistently used before the act's amendment repeating the language). Yet, the taxation of unitary business groups as such was first introduced in the MBT, and decisions involving how the credit was applied to affiliated groups under the SBT are of limited interpretive value. More fundamentally, these are interpretive principles or canons employed only when a statute is ambiguous. See *Borchard-Ruhland*, 460 Mich at 284-285. Treasury has not identified another provision of the MBT with which our reading of MCL 208.1417(1) would irreconcilably conflict, and as shown above, on its face MCL 208.1417(1) is not equally susceptible to more than a single meaning. Concluding that the statute is not ambiguous, we need not resort to these or other canons of construction.

With that said, even assuming for the sake of argument that MCL 208.1417(1) is ambiguous, a different canon of construction conclusively demonstrates that the Legislature did not intend to include unitary business groups in the MBT's disqualifying provisions. Recall that with the CIT, the Legislature explicitly added "unitary business group" to the list of taxpayers which may be disqualified from claiming the CIT's small business alternative credit. The form and substance of the CIT's credit mirrors those of the MBT's credit, but with a crucial difference relevant here—"unitary business group" is not listed in the MBT's disqualifying provisions, but it is listed in the CIT's disqualifying provision. Courts have long understood that "a change in the language of a prior statute presumably connotes a change in meaning." *Ray v Swager*, 501 Mich 52, 80 n 68; 903 NW2d 366 (2017) (internal citation and quotation marks omitted); see also *People v Wright*, 432 Mich 84, 92; 437 NW2d 603 (1989) ("It is axiomatic that when the Legislature effects a change in the provisions of a statute, a presumption arises that the Legislature intends a substantive change in the law."). This is especially the case when the statutory language and history confirm that the change is a substantive one, and not merely a recodification of existing law. Scalia & Gardner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 257.

The CIT was a significant change in Michigan tax law. Among other things, the definition of a "taxpayer" was circumscribed to just three entities and one group: corporation, insurance company, financial institution, and unitary business group. MCL 206.611(5). Similarly, membership in a "unitary business group" was limited to just corporations, insurance companies, and financial institutions. MCL 206.611(6) Yet, even with these and other substantive changes, the CIT retained a small business alternative credit in much the same form and substance as the ones found in the SBT and MBT, though with several important changes. If Treasury's reading of the MBT was the correct one, then there would have been no need for the Legislature to add "unitary business group" to the CIT's credit-disqualifying provision, as merely listing "corporation" should have been sufficient. By adding "unitary business group" to the CIT's credit-disqualifying provision, the Legislature undercut any reasonable support for the argument that the MBT's credit-disqualifying provision should be read to include that missing taxpayer.

Finally, Treasury asserts that our reading would be "illogical" because one "cannot seriously believe that the Legislature intended to place more restrictions on single-entity taxpayers than unitary business groups in a credit designed for small businesses." This is an argument from policy implication, rather than an argument from law. It is undeniable that the

Legislature chose not to apply the disqualifying provision to a number of taxpayers regardless of financial size or owner/officer compensation, including banks, associations, receivers, and trusts, as even Treasury has recognized. See, e.g., Letter Ruling 2013-3 (June 26, 2013). It is not our place to divine *why* the Legislature did or did not subject unitary business groups to the disqualifying provisions of MBT's small business alternative credit. Rather, it is our place only to determine *whether* the Legislature did or did not do so—and, as we have explained, the Legislature did not. *Wismer v Becker Contracting Engineers v Dep't of Treasury*, 146 Mich App 690, 700-701; 382 MW2d 505 (1985). Accordingly, we reverse the Tribunal's grant of summary disposition to Treasury with respect to whether D'Agostini's unitary business group was disqualified under subdivisions (a) or (b) from claiming the MBT's small business alternative credit under MCL 208.1417(1).

## C. REMAINING CLAIMS

Because we reverse the Tribunal's grant of summary disposition, we need not reach D'Agostini's second claim of error. As for the third claim of error, we agree with Treasury that the claim was not preserved below because it was first raised in a motion for reconsideration. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). We decline to take up the unpreserved claim on appeal.

## III. CONCLUSION

A "unitary business group" is not one of the types of taxpayer listed in the disqualifying provisions of the MBT's small business alternative credit. Under separation-of-power principles, we do not have the authority to add it, only the Legislature does—which it in fact did in the disqualifying provisions of the CIT's small business alternative credit. Accordingly, we reverse the Tribunal's grant of summary disposition to Treasury and remand for entry of judgment consistent with this opinion.

As the prevailing party, D'Agostini may tax costs. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra

-8-