*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

JANICE WINFREY in her capacity as DETROIT
CITY CLERK and DETROIT ELECTION
COMMISSION,

        Defendants-Appellees,

and

SAUNTEEL JENKINS and FREDERICK
DURHAL, JR.,

        Intervening Defendants-Appellees.

UNPUBLISHED
October 10, 2025
2:48 PM

No. 375880
Wayne Circuit Court
LC No. 25-007871-AW

Before: FEENEY, P.J., and BORRELLO and BAZZI, JJ.

PER CURIAM.

In this election case, plaintiff appeals as of right the trial court's order dismissing his complaint and denying his emergency motion for declaratory judgment and a writ of mandamus. For the reasons set forth in this opinion, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Intervening defendants, Saunteel Jenkins and Frederick Durhal, Jr., sought to run for the office of the mayor of the city of Detroit. In order to be a candidate for the office of mayor,

intervening defendants were required to file an Affidavit of Identity (AOI)[1] and circulate nominating petitions. See generally MCL 168.544a, MCL 168.544c, and MCL 168.558. In April 2025 and May 2025, defendants, Detroit City Clerk Janice Winfrey and the Detroit Election Commission,[2] determined that intervening defendants submitted a sufficient number of signatures to have their names printed on the ballot for the August 5, 2025 mayoral primary election. Plaintiff filed a challenge to all of the nominating petitions submitted by Jenkins and Durhal with defendants. Plaintiff asserted that none of the signatures on the nominating petitions were valid because the nominating petitions failed to strictly comply with the requirements of MCL 168.544c(1). After defendants rejected this challenge, plaintiff appealed defendants' decision to the Secretary of State, raising the same challenges to the nominating petitions he had originally brought to defendants' attention. The Secretary of State further determined that plaintiff's claim regarding the validity of the nominating petitions was meritless.

On May 23, 2025, plaintiff filed a complaint and an emergency motion in the Wayne Circuit Court; both filings sought a writ of mandamus and declaratory relief related to the August 5, 2025 Detroit mayoral primary election. Plaintiff's complaint alleged that defendants were precluded from certifying Jenkins and Durhal as candidates in the August 2025 primary election because the candidates' nominating petitions did not conform to MCL 168.544c(1). The trial court held a hearing to address plaintiff's motion. During this hearing, the court granted Jenkins's and Durhal's motions to intervene. The trial court, however, denied plaintiff's request for a writ of mandamus and declaratory judgment. The court concluded that because the nominating petitions complied with Michigan Election Law, MCL 168.1 *et seq*., plaintiff had not demonstrated a clear legal right to an order directing defendants to remove Jenkins's and Durhal's names from the primary ballot. This appeal followed.[3]

---

[1] "Under MCL 168.558(1) and (2), a candidate filing a nominating petition or a filing fee in lieu of a nominating petition must also file an AOI containing the candidate's name, address, and among other information useful to establishing the candidate's identity." *Stumbo v Roe*, 332 Mich App 479, 483; 957 NW2d 830 (2020).

[2] Defendants, Detroit City Clerk Janice Winfrey and the Detroit Election Commission, will be referred to collectively as "defendants." When necessary, Winfrey will be referred to individually as "the Detroit City Clerk." Jenkins and Durhal will be referred to collectively as "intervening defendants."

[3] Concurrent with filing his claim of appeal, plaintiff moved to expedite the appeal and a motion for immediate consideration. On June 6, 2025, this Court granted immediate consideration but denied plaintiff's request to expedite the appeal. *Davis v Winfrey*, unpublished order of the Court of Appeals, entered June 6, 2025 (Docket No. 375880). On June 9, 2025, plaintiff filed a bypass application in the Michigan Supreme Court requesting that the Supreme Court review the matter before a decision by this Court pursuant to MCR 7.305(C)(1). On June 12, 2025, the Supreme Court denied the bypass application "because the Court [was] not persuaded that the questions presented should be reviewed by th[e] Court before consideration by the Court of Appeals." *Davis v Winfrey*, ___ Mich ___ (2025) (Docket No. 168611).

## II. MOOTNESS

Defendants and intervening defendant Jenkins argue that this Court should not hear plaintiff's appeal because the appeal is moot. The applicability of a legal doctrine, such as mootness, is a question of law that this Court reviews de novo. *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019).

"The question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). "This Court's duty is to consider and decide actual cases and controversies." *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) (quotation marks and citation omitted). In general, this Court does not "address moot questions or declare legal principles that have no practical effect in a case." *Id*. (quotation marks and citation omitted). An issue is moot if an event occurs that renders it impossible for a court to grant relief. *Id*. (quotation marks and citation omitted). An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy. *Id*. (quotation marks and citation omitted).

We agree that the appeal is moot. Although it is not apparent from the record, this Court can take judicial notice that the primary election occurred on August 5, 2025, and both Jenkins and Durhal were defeated. Mary Sheffield and Solomon Kinloch, Jr., were the top two vote-getters and will advance to the general election in November 2025.[4] Thus, it is impossible for this Court to grant the relief sought by plaintiff, i.e., removing Jenkins and Durhal from the August 2025 primary ballot.

However, even if moot, this Court may consider a legal issue that is one of public significance that is likely to recur but evade judicial review. *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). Challenges to nominating petitions are likely to recur, considering the inherent tendency of humans to make mistakes. Moreover, legal questions affecting election ballots "are the classic example of issues that the courts will nevertheless review because they are matters of public significance that are likely to recur yet evade judicial review." *Davis v Secretary of State*, 346 Mich App 445, 460-461; 12 NW3d 653 (2023). We find that it is appropriate to consider the merits of the underlying issues, even though they are moot as a practical matter.

## III. DECLARATORY JUDGMENT AND WRIT OF MANDAMUS

Plaintiff argues that he was entitled to a declaratory judgment and a writ of mandamus directing defendants to remove intervening defendants from the August 2025 primary ballot because the nominating petitions filed in support of their individual candidacies were defective. A party seeking a writ of mandamus must establish, among other things, that the party has a clear legal right to performance of a specific duty and that the defendant has a clear legal duty to

---

[4] City of Detroit, *Election Results* <https://www.detroitmi.gov/webapp/election-results> (accessed August 17, 2025).

perform.[5] *Christenson v Secretary of State*, 336 Mich App 411, 419; 970 NW2d 417 (2021). A trial court may grant a declaratory judgment to establish the rights of an interested party if there is an actual controversy. MCR 2.605(A)(1). Questions of law relevant to a request for declaratory judgment are reviewed de novo, while the decision whether to grant declaratory relief is reviewed for an abuse of discretion. *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021). This Court reviews de novo, as a question of law, whether a defendant had a clear legal duty to perform and whether a plaintiff had a clear legal right to performance of any such duty. *Berry v Garrett,* 316 Mich App 37, 41; 890 NW2d 882 (2016). But because mandamus is a discretionary writ, this Court reviews for an abuse of discretion the trial court's decision whether to grant mandamus relief. *Id.* An abuse of discretion occurs when the decision of the trial court falls outside the range of reasonable and principled outcomes. *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Additionally, statutory interpretation is a question of law that this Court also reviews de novo. *Clam Lake Twp v Dep't of Licensing & Regulatory Affairs*, 500 Mich 362, 372-373; 902 NW2d 293 (2017).

Resolving whether plaintiff was entitled to any of the requested relief necessarily turns on the proper interpretation and application of provisions of the Michigan Election Law. In this regard, "the principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). If the statute's language is clear and unambiguous, this Court must assume that the Legislature intended its plain meaning and must enforce the statute as written. *D'Agostini Land Co LLC v Dep't of Treasury*, 322 Mich App 545, 554; 912 NW2d 593 (2018). "Only when ambiguity exists does the Court turn to common canons of construction for aid in construing a statute's meaning." *Id.* at 554-555.

"A statute is not ambiguous merely because a term it contains is undefined or has multiple definitions in a dictionary, especially when the term is read in context." *Mayor of Cadillac v Blackburn*, 306 Mich App 512, 516; 857 NW2d 529 (2014). When a statutory definition is absent, the Court may begin with consulting dictionary definitions to determine a word's plain and ordinary meaning. *Champine v Dep't of Transp*, 509 Mich 447, 453; 983 NW2d 741 (2022). A lay dictionary may be used when defining common words or phrases. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). However, this Court recognized in *Bartalsky v Osborn*, 337 Mich App 378, 387; 977 NW2d 574 (2021), that "if the meaning of a statutory term is plain from the text and the context of the statute itself, resort to a dictionary is unnecessary." Further, "[c]ourts should not abandon common sense when construing a statute." *Hmeidan v State Farm Mut Auto Ins Co*, 326 Mich App 467, 478; 928 NW2d 258 (2018) (quotation marks and

---

[5] In addition, but not relevant to this appeal, a plaintiff must also establish that the act is ministerial in nature such that it involves no discretion or judgment, and that the plaintiff has no other adequate legal or equitable remedy. *Barrow v Detroit Election Comm*, 301 Mich App 404, 412; 836 NW2d 498 (2013).

citation omitted). We keep the foregoing principles in mind when considering the parties' positions.

## A. SAUNTEEL JENKINS

Jenkins circulated nominating petitions to be eligible to run as a candidate for the office of mayor of the city of Detroit, a nonpartisan position. Michigan's election law includes detailed requirements for nominating petitions. MCL 168.544a provides that the form, size, and contents of all nonpartisan nominating petitions must comply with MCL 168.544c(1), the provision governing partisan nominating petitions, except that the heading of the petition must state that the race is nonpartisan. Turning to MCL 168.544c(1), "the first six sentences of the statutory text shows that the Legislature's focus in writing those sentences was not on defining the substance of what must be contained in nominating petitions, but rather, on printing requirements—page size, typeface, and font size." *Beydoun v Bd of State Canvassers*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 371167); slip op at 3. Following these preliminary matters, MCL 168.544c(1) then includes an exemplar of a compliant nominating petition. MCL 168.544c(1) provides, in pertinent part, that the nominating petition "must be in the following form":

NOMINATING PETITION
(PARTISAN)

We, the undersigned, registered and qualified voters of the city or township of
(strike 1)

........................................................................ , in the county of ........................................................................
and state of Michigan, nominate,

........................................................................................................................................................................ ,
(Name of Candidate)

........................................................................................................................................................................ ,
(Street Address or Rural Route)                                                                  (City or Township)

as a candidate of the ........................................ party for the office of ........................................ ,

........................................................................................................................................................................ ,
(District, if any)

to be voted for at the primary election to be held on the ........................ day of ........................ , 20...... .

As indicated, MCL 168.544c declares that the nominating petition "must" be in the foregoing form. The word "must" is a mandatory term. *GWCC Holdings, LLC v Alpine Twp*, ____ Mich App ____, ____; ____ NW3d ____ (2024) (Docket No. 367925); slip op at 8. The Michigan Supreme Court has held that "substantial compliance" does not apply to the mandatory provisions of the Michigan Election Law. *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 601; 822 NW2d 159 (2012). Instead, the use of a mandatory term indicates that the nominating petition must strictly comply with a requirement. *Id*. at 602. However, in *Moore v Genesee Co*, 337 Mich App 723, 730; 976 NW2d 921 (2021), this Court, when considering the mandatory content of an AOI, held that, "[n]otably, strict compliance with the content

requirements may be achieved even if the applicant fills out the form in an irregular or improper manner." The relevant inquiry is whether the candidate has provided the information mandated by the statute. See, e.g., *id*. at 729-730.

MCL 168.544c(1) requires that a nominating petition include a field where the candidate or circulator can designate that the electors signing the petition are "registered and qualified voters of" a particular city or township. In addition, the statute requires that the petition include an instruction to "strike one" from the petition, i.e., either "city" or "township." MCL 168.544c(1). The lower court record includes an exemplar from Jenkins's nominating petitions:

| | | | |
|---|---|---|---|
| INSTRUCTIONS ON REVERSE SIDE | **NOMINATING PETITION** (CITY/TOWNSHIP NONPARTISAN) | | 800000 |

We, the undersigned, registered and qualified voters of the ~~City~~ Township of } DETROIT in the County of WAYNE and State of Michigan, nominate

SAUNTEEL JENKINS [Strike One] 2027 Hyde Park Rd DETROIT
(Name of Candidate)          (Street Address or Rural Route)          (City or Township)

as a candidate for the office of MAYOR to be voted for at the Primary Election to be held on the 5th day of AUGUST 20 25

It is apparent "Township" was not stricken from Jenkins's petitions.

Despite the mandatory inclusion of this instruction to "strike one," the plain language of MCL 168.544c(1) makes clear that the real purpose of this portion of the petition heading is to document and declare that the electors signing the nominating petition are registered and qualified voters of either a particular city or particular township. Jenkins's petitions complied with this requirement. Although Jenkins or the circulator did not specifically "strike" the inapplicable unit of government, the nominating petition specifically identified in the heading "Detroit" as the city common to all the signatories to the nominating petition. Thus, Jenkins submitted nominating petitions that included the required content and, therefore, strictly complied with the content requirements of MCL 168.544c(1). As this Court recognized in *Moore*, "strict compliance with the content requirements may be achieved even if the applicant fills out the form in an irregular or improper manner." *Moore*, 373 Mich App at 730.

Further, it would be disingenuous to suggest that striking the word "township" from the petition was necessary to avoid any confusion. As the trial court recognized, there is no township of Detroit in Michigan. Indeed, the only reasonable and obvious conclusion is that the petition included the content required by the statute. That is, the nominating petition made clear that electors signing the petition were registered and qualified voters of the city of Detroit. To interpret the circumstances otherwise would require the reader to intentionally ignore reality. This Court has cautioned that "[c]ourts should not abandon common sense when construing a statute." *Hmeidan*, 326 Mich App at 478 (quotation marks and citation omitted).

Concluding that Jenkins's nominating petitions included the required content and were not rendered invalid by the failure to strike "township" from the heading is also consistent with the provisions of MCL 168.552a. This statute provides, in pertinent part:

> Notwithstanding any other provision of this act to the contrary, a petition or
> a signature is not invalid solely because the designation of city or township has not

been made on the petition form if a city and an adjoining township have the same name.

This provision contemplates a situation when there may be some confusion because a city and adjacent township have the same name. Yet, in such a situation, the cited statutory provision indicates that the signature would not be rendered invalid solely because someone failed to strike "city" or "township" from the petition. It would yield absurd and inconsistent results to read MCL 168.544c(1) in a manner that would require invalidating signatures when either the "City" or "Township" designation has not been struck, when, as in this case, there is virtually no probability of confusion in this regard.

Jenkins's nominating petitions included the required content and, therefore, the trial court did not err when it found that the petitions strictly complied with the requirements of MCL 168.544c(1). The heading of the nominating petitions made clear that the electors signing the petition were registered and qualified voters of the city of Detroit. As a consequence, defendants were required by law to certify Jenkins as a candidate for the mayor of the city of Detroit. MCL 168.552(1). Moreover, plaintiff did not have a clear legal right to have Jenkins removed from the ballot. Likewise, defendants had no legal duty to rescind the certification of Jenkins's nominating petitions and remove her name from the August 2025 primary ballot. Accordingly, the trial court did not abuse its discretion when it denied plaintiff's request for declaratory judgment and a writ of mandamus.

## B. FREDERICK DURHAL, JR.

Regarding Durhal, plaintiff argues that this candidate's nominating petitions were defective because they did not bear the candidate's legal name. Specifically, plaintiff asserts that Durhal's legal name was "Frederick Charles Durhal, Jr.," and the nominating petitions incorrectly identified him as "Frederick Durhal."[6] The trial court resolved that MCL 168.544c(1) did not require Durhal to list his legal name in the heading of the nominating petition. We agree.

---

[6] Admittedly, there were some discrepancies in Durhal's name usage. In Section 1 of the AOI, Durhal, identified his first, middle, and last name as, "Frederick," "Charles," and "Durhal Jr.," respectively. However, in Section 2, where asked to "indicate exactly how you want your name to be printed on the ballot," the candidate indicated: "Fred Durhal." Then, in Section 3, Durhal signed the AOI "Fred Durhal III." On the nominating petitions, the name "Frederick Durhal" is printed above the line designated "name of candidate."

Plaintiff represents in his brief on appeal to this Court that because of the discrepancies between the AOI and the nominating petitions, Durhal provided to the Detroit City Clerk a copy of his birth certificate which identified his given name as "Frederick Charles Durhal Jr." The Detroit City Clerk also, apparently, provided plaintiff with a copy of Durhal's voter registration. In this document, Durhal's first, middle, and last name and suffix, appear as "Frederick Charles Durhal Jr."

Although certain provisions of Michigan Election Law prescribe the way in which a candidate's name must appear on election documents,[7] there is no authority for plaintiff's position that Durhal was required to include his legal name in the heading of the nominating petitions. There is nothing ambiguous about the statutory language the Legislature used. Indeed, MCL 168.544c(1) simply requires that the heading include "*the name*, address, and party affiliation of the candidate and the office for which the petitions are signed." (Emphasis added.) MCL 168.544c(1) does not specify that the name provided be the candidate's legal name, full name, name given at birth, or any other qualifiers. Moreover, consulting the dictionary, Merriam-Webster defines "name" as "a word or phrase that constitutes the distinctive designation of a person or thing."[8] By entering the name "Frederick Durhal" in the appropriate field, Durhal complied with the requirements of MCL 168.544c(1) and the plain meaning of the word "name."

Judicially mandating that the candidate include his "legal name" would be improper considering the plain language of the statute. A court cannot read additional requirements into a statute that were not placed there by the Legislature. *Warren City Council v Buffa*, 333 Mich App 422, 432-433; 960 NW2d 166 (2020).

This Court's opinion in *Christenson*, 336 Mich App 411, further supports this conclusion. In *Christenson*, the plaintiff sought to run as a nonincumbent judicial circuit judge candidate. *Id*. at 414. The plaintiff resided in Grand Blanc, Michigan, in Genesee County. *Id*. His law practice, which was also the registered address for his candidate committee, was located in Flint, Michigan, also in Genesee County. *Id*. In his nominating petitions, the plaintiff listed the address of his law practice and committee headquarters, not his residential address. *Id*. Two months after the plaintiff submitted his nominating petitions to the Secretary of State, an opponent seeking that same judicial office challenged the validity of the plaintiff's nominating petitions on the ground that the plaintiff listed his business and candidate committee's address, not his residential address where he was registered to vote. *Id*. The plaintiff opposed the challenge on the ground that MCL 168.544c(1) did not require his residential address. *Id*. at 415. Nonetheless, the Board of State Canvassers concluded that the plaintiff's nominating petitions were insufficient and that, therefore, the plaintiff could not be certified as a candidate for the August 2020 primary election. *Id*.

The Board's actions prompted the plaintiff to file a complaint for a writ of mandamus on the ground that the plaintiff had a clear right to be added to the primary ballot. *Id*. The Court of Claims issued an order granting the plaintiff's request for a writ of mandamus. *Id*. at 416. The Court of Claims "interpreted the plain language of MCL 168.544c(1) and agreed with [the] plaintiff that a candidate's residential address is not required on a nominating petition." *Id*. The Court of Claims concluded that if the Legislature had intended for candidates to provide a "residential address" on nominating petitions, the Legislature would have expressly required a candidate to do so. *Id*. at 417.

---

[7] See, e.g., MCL 168.558(2) (requirements of the AOI) and MCL 168.560b (name changes).

[8] Merriam-Webster.com Dictionary, "Name" <https://www.merriam-webster.com/dictionary/name> (accessed August 17, 2025).

On appeal, this Court affirmed the order of the Court of Claims. *Id*. at 413. The Court started with the assumption that in order to determine whether the plaintiff had a clear legal right to the performance of the specific duty, it would be necessary to interpret MCL 168.544c. *Id*. at 419. In this regard, the Court noted:

> We find nothing ambiguous about the statutory language the Legislature used in MCL 168.544c(1). The provision requires candidates, among other things, to circulate for signing by the electors a nominating petition that states their name, address, and the office for which the petitions are signed. MCL 168.544c(1) does not specify that the address identified in that portion of the nominating petition be the candidate's residential address. The certification of the circulator portion of nominating petitions, however, must include the name and signature of the circulator with the circulator's "(Complete Residence Address (Street and Number or Rural Route))." The Legislature plainly differentiated between the information required for identification of the candidate and identification of the circulator of the petition. The Legislature qualified the address identification of circulators by specifically requiring the residential address, whereas candidates must merely state an address. [*Id*. at 421-422.]

This Court also noted that elsewhere in the Michigan Election Law, specifically in MCL 168.558 governing the requirements of the AOI, the Legislature specifically stated that the AOI must include the candidates "residential address." *Id*. at 424. This Court then observed that "when the Legislature uses different words, the words are generally intended to connote different meanings." *Id*. at 422 (quotation marks and citation omitted).

Applying the reasoning expressed by this Court in *Christenson* to the facts in this case, it is readily apparent that Durhal's nominating petitions conformed to the statutory requirements. Similar to the plaintiff in *Christenson* who was only required to list an address, not a residential address, Durhal was only required to enter his "name" in the relevant field, not his "legal name."

When the Legislature has specifically required that the candidate provide more, it clearly has said as much. In MCL 168.558, the statute governing the AOI, a candidate is required to include in the AOI, among other things, the "candidate's name." However, the statute further provides that the candidate should indicate "the manner in which the candidate wishes to have his or her name appear on the ballot." In this regard, the statute further provides that "if a candidate is using a name that is not the name that he or she was given at birth, the candidate shall include on the affidavit of identity the candidate's full former name." MCL 168.558(2). As this Court recognized in *Christenson*, "when the Legislature uses different words, the words are generally intended to connote different meanings." *Christenson*, 336 Mich App at 422 (quotation marks and citations omitted). Clearly, "name" and "full former name" have different meanings for purposes of the statute. Had the Legislature intended that a candidate enter his full legal name on the nominating petition, the statute would have expressly so stated.

The trial court correctly interpreted and applied the provisions of MCL 168.544c(1) to find Durhal complied with the plain language requirements of MCL 168.544c(1) and his nominating petitions were sufficient to place his name on the August 5, 2025 primary ballot. Defendants, therefore, had a duty to certify his nominating petitions and list his name on said ballot.

Concurrently, plaintiff failed to demonstrate that he had a clear legal right to the relief sought and that defendants had a clear legal duty to perform. Accordingly, the trial court did not abuse its discretion when it determined that the issuance of a declaratory judgment or a writ of mandamus was unwarranted, and dismissed plaintiff's complaint.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi